## HYGUM V. ÆTNA INSURANCE COMPANY.

1. INSURANCE COMPANY: BY-LAWS. When the directors of an insurance company, immediately after its organization, adopted the following by-law: "Persons insuring with this company may insure with other companies, with the consent of the directors indorsed on the policy," which by-law was adopted by the board of directors acting under general power to control the business of the company; was printed upon the backs of all policies issued, including the one in controversy, it was held,

  1. That the by-law was valid and binding upon the holder of the policy.

  2. That a non-compliance with the requirements of the by-laws rendered the policy void.

*Appeal from Dubuque City Court.*

SATURDAY, OCTOBER 6.

THE facts necessary to an understanding of the case are stated in the opinion of the Court.

*O'Niel & Harvey* for the appellant, contended: 1. That the 6th section of the by-laws of the Dubuque Mutual Insurance Company did not render the policy issued to a party already assured without a compliance with the requisition therein provided, absolutely void: 2. That the by-law itself was void, because it was enacted by a board of directors who had no power to enact by-laws for the company, citing Ang.

& Ames Cor. sec. 327, 328; Parsons Mer. L. 496: 3. That the fact of the printing of the restriction on the back of the policy as a condition of insurance is not sufficient to show that it was a by-law, reviewing *Roberts* v. *Chanago Mutual Insurance Company*, 3 Hill 501 : 4. That such a juxtaposition of the policy and the restriction constituted only *prima facie* evidence that the latter formed a part of the contract. Counsel also reviewed *The Howard Insurance Company* v. *Scribner*, 5 Hill 298; contending that it was unsupported by the English and American Courts and text writers, and was inapplicable to this case.

*Samuels, Allison & Crane* for the appellee.

I. If for any cause whatever the policy issued by the Dubuque Mutual Fire Insurance Company was, or became, void at the time of issuing the policy sued upon, the Ætna Insurance Company is liable for the whole loss, notwithstanding the provision in their policy that in case of any other insurance whether prior or subsequent, they will not be liable beyond the proportion which the amount insured by them bears to the whole amount insured. *Forbrush* v. *Western Massachusetts Insurance Company*, 4 Gray 337.

II. The policy issued by the Dubuque Mutual Fire Insurance Company was void by reason of the violation of the 6th section of the by-laws of the Company. This by-law formed a part and parcel of the contract of insurance between the plaintiff and the mutual company. Ang. Fire In. sections 10 and 146 and notes 3 and 4; *Liscom* v. *Boston Mutual Insurance Company*, 9 Met. 205; *Stark County Mutual Insurance Co.* v. *Hurd*, 19 Ohio R, 176; Par. Mer. L. 496; *Smith* v. *The Saratoga Mutual Insurance Company*, Hill 508.

III. The by-law was an express warranty that the assured would not insure in any company without the consent of the directors of the Dubuque Mutual Fire Insurance Company indorsed upon the back of his policy. Upon the truth or

fulfillment of the warranty the validity of the contract depended.   It is considered to be on the face of the policy although it may be written on the margin, or transversely, or on a subjoined paper referred to in the policy or attached thereto.   Ang. Fire In. 140, 142, 143 and note 2; 145 and cases there cited; also 147 and 147a;   Par. Mer. L. p. 422, section 7 and cases there referred to; p. 519 section 6; 3 Kent 288; Lewis v. Thatcher, 15 Mass. 433; Parker v. Phœnix Insurance Company, 8 John. 307; DeHolm v. Hartley, 1 T. R. 343; Kenyon v. Buthon, Doug. 12, note 4; Goix v. Low, 1 John. C. 168; Duncan v. Sun Fire Insurance Company, 6 Wend. 488, note a; Murdock v. Chenango County Mutual Fire Insurance Company, 2 Com. 210; Bennett v. The Saratogo Mutual Fire Insurance Company, 2 Denio 10; Wood v. The Hartford Fire Insurance Company, 13 Conn. 544; Fowler v. The Ætna Insurance Company, 6 Cow. 676 and 677; S. C. 7 Wend. 270; Wall v. East River Insurance Company, 3 Seld. 373; Delogemaire v. Tradesmen Insurance Company, 2 Hall (N. Y.) 587; New York Gas Light Company v. Mechanics Insurance Company, 2 Hall; Harris v. Columbiana Insurance Company, 18 Ohio 116.

IV.  A corporation may adopt by-laws as well by its own acts and conduct, and the acts and conduct of its officers, as by an express vote, or an adoption manifested by writing. A & Any. Cor. sections 328, p. 355; Union Bank of Maryland v. Ridgley, 1 Harr. & Gill (Md.) R. 324; Taylor v. Griswold, 2 Green (N. J.) 223; Fairfield Turnpike Company v. Thorpe, 13 Conn. 173.

V.  The appellee is entitled to recover the whole loss, because this is not a case for contribution.   The policies were not upon the same property.   The one was upon "stock" and the other upon "stock and fixtures."  Howard Insurance Company of New York v. Scribner, 5 Hill 298.

LOWE, C. J.—This action was founded upon a policy of insurance dated January 10th 1859, whereby the defendants

insured the plaintiff's assignor for one year, against loss by fire, in the sum of $4000, on their stock of drugs &c., described in survey No. 824, (indorsed $2,000 additional insurance.)

In the policy sued upon it is provided as follows : "And in case of any other insurance upon the property hereby insured, whether prior or subsequent to the date of this policy, the assured shall not, in case of loss or damage, be entitled to demand or recover of this company any greater portion of the loss or damages sustained than the amount hereby insured shall bear to the whole amount insured on said property."

At the time of making the foregoing policy, and at the time of the loss occasioned by fire, hereinafter stated, there was another insurance on the same stock of drugs and the fixtures of said drug store, to wit : a policy of insurance for $2,000 in the Dubuque Mutual Insurance Company.

This policy like the first had been transfered to the plaintiff, who claimed that it was void and inoperative for the reason that his assignor, in procuring the policy sued on, had failed to obtain the consent of the directors of the said Dubuque Mutual Insurance Company and have that consent indorsed upon the policy as required by the by-laws of said Dubuque Mutual Insurance Company, a copy of which was appended to said last named policy of insurance, and the 6th section of which reads as follows: "persons insuring with this company may insure with other companies, with the consent of the directors indorsed on the policy."

On the 15th day of September, 1859, the property insured by the defendants was destroyed by fire to the amount of $578,98 ; and the loss sustained upon fixtures was $100. Due notice of the loss on the drugs was given to defendants and payment demanded, and the defendants offered to pay $392,40 being as they claimed their due proportion of the loss. This was not accepted and the Dubuque Mutual Insurance Company, declined to pay any part of the loss for the reason above stated. The cause coming on to be heard was submitted to the decision of the Court, who, from the foregoing

facts, the policies of insurance offered, and some other facts found from the testimony which was duly entered of record, and which will sufficiently appear in the further discussion of this case, held that the defendants were liable for the whole amount of the loss on the drugs, &c. From this decision the appeal comes.

Of course the court could not have reached this conclusion without finding under the facts of the case, that the policy of insurance issued by the Dubuque Mutual Insurance Company on the stock of drugs and fixtures of the plaintiff's establishment, and which the plaintiff held at the time of the fire, was void and inoperative in his hands; and that in fact there was no other subsisting insurance, liable for any portion of the loss. The correctness of the decision of the court below, depends upon the single question, whether this policy last described was valid in the hands of the plaintiff at the time of the fire, and whether in law he could have obtained indemnity for a part of his losses. If he could not then the decision must stand.

It is said that a violation of the terms of the by-law referred to cannot have the effect to vitiate the policy for two reasons: *Firstly*, because the by-law in question does not provide what shall be the consequence of the non-observance of its conditions : and, *Secondly*, the by-law itself has no validity, having been adopted by the board of directors without authority. The first position is readily answered, the by-law is entitled to a reasonable construction, it is without meaning or efficacy, unless it implies a prohibition. Again, it is one of the stipulations of the policy, and is under the law of insurance a warranty. In the case of *Jonathan C. Farbrush, et al.* v. *Western Massachusetts Insurance Company*, 4 Gray 340, Chief Justice SHAW correctly remarks, "that a warranty in a policy of insurance, is an express stipulation that something then exists, or has happened, or been done, or shall happen or be done, and this must be strictly complied with by the assured whether the truth of the fact, or the happening of the event be, or be not, material to the risk,

or be, or be not, connected with the cause of loss." The doctrine is, that the condition is a strict one, and unless the warranty be strictly complied with, the policy will not take effect, 3 T. R. 360; 3 Dow 255; 3 Gray 580.

But it is said that the by-law itself was of no validity. This question must be considered in connection with the following facts found by the court: That the articles of incorporation and by-laws for the government of the Dubuque Mutual Insurance Company were printed upon another leaf of the same sheet that contained the policy. That the said by-laws were enacted by the board of directors, soon after the organization of the company, and before any policies were issued; and that said by-laws have been treated by the officers of the company, and by numerous members thereof, as valid and subsisting by-laws; that every policy issued by said company had said by-law printed and attached, as in the policy introduced in evidence; that said company was organized in 1848, and that the articles of incorporation of said company gave no express power to the board of directors, or any other select body of the corporation, to make by-laws, unless the following article contained such power, to wit: "That all the affairs, property and concerns of said corporation shall be managed and conducted by twelve directors." The court further find that the last mentioned policy made by its terms the plaintiff a member of said corporation, &c.

To our mind these facts suggest several considerations that make strongly against the above position assumed in the defence.

In the first place the general power conferred upon the board to conduct the affairs and concerns of the association, carries with it as a necessary incident every implied power and right requisite to give effect to the general power. Hence the adoption of this by-law even in the absence of an express power, is not without the color of authority. Again the many years that it has been in force and acquiesced in by the members is no unimportant circumstance.

But lastly, which we think is conclusive upon the subject, this *by-law* was incorporated into the policy of insurance as one of its express stipulations, and as such was accepted by the plaintiff, which estops him from raising this objection; for conceding that it was illegal as a by-law, still it would be competent for the parties to insert such a condition in the contract of insurance; and having done so the parties are bound by it.

Judgment below affirmed.