SARAH A. HAND, Respondent, *v.* THE WILLIAMSBURGH CITY FIRE INSURANCE COMPANY, Appellant.

Plaintiff leased to C., certain premises, with the privilege of purchasing at a stated price, the term to commence April 1st, 1861. C. paid an installment of rent in advance, and proposing to make improvements, with the knowledge and assent of all the parties, procured a policy of insurance for $3,000, to be issued by defendant, dated March 30, 1861, in terms insuring the plaintiff, loss, if any, payable to C., the policy was intended for the benefit of plaintiff and C.; the latter, in case of loss, to be entitled to an indemnity for rent and money expended in repairs. C. took possession about April first, he made no repairs. A loss occurred to the amount of $2,100. C. assigned his interest in the policy to plaintiff, the latter made due proof of loss, no notice of loss by or on behalf of C. was given. *Held*, that plaintiff was entitled to recover the full amount of the loss.

The policy contained a clause, that, in case of loss the insured should not recover more than the proportion thereof, which the amount thereby insured bore to the whole amount of insurance. Plaintiff then had' a policy in another company, which provided for notice to and written assent of the company in case of other insurance, or in default, that the policy should be wholly void; no notice was given of the insurance effected with defendant, or assent obtained. Upon notice of the loss being given to the president of said other company, he declared that it refused to pay on account of the failure to comply with said provision; no proofs of loss were served on said company and no measures taken to collect of it. *Held*, that as there was no express agreement, that the insured should continue other insurance, it was competent for plaintiff to cancel the other policy without the defendant's assent, and as by its terms it became wholly void, she was not bound to make an attempt to enforce it; and as there was no other insurance in force, defendant was not entitled to have the loss apportioned, but was liable for the full amount.

(Argued September 26, 1873; decided January term, 1874.)

APPEAL from a judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment in favor of the plaintiff, entered on a verdict.

This action was brought upon a policy of fire insurance.

The facts pertinent to the questions presented on the appeal sufficiently appear in the opinion.

*Livingston K. Miller* for the appellant. Plaintiff's neglect to notify the Westchester Insurance Company is a default on her part, which, if it has caused a loss, is one that she cannot impose upon defendant. (*McMahon* v. *P. M. & F. Ins. Co.*, 2 Frost [N. H.], 15; *Bilbrough* v. *Met. Ins. Co.*, 5 Duer, 587.) Plaintiff cannot as against defendant, say the Westchester policy is canceled. (*Hathorn* v. *Ger. Ins. Co.*, 55 Barb., 28.) Other insurance mentioned in the policy means other insurance obtained by the same parties and for the same interest, not by other parties having other interests. (*Nichols* v. *F. M. F. Ins. Co.*, 1 Al. [Mass.], 63; (*Woodbury Svgs. Bk.* v. *C. O. Ins. Co.*, 31 Conn., 518; *Ætna Ins. Co., N. Y.* v. *Tyler*, 12 Wend., 507; 16 id., 385; *Pitney* v. *Glens Falls Ins. Co.*, 61 Barb., 335.) If plaintiff did not know of the insurance in the Williamsburgh company, then it could not affect her rights against the Westchester company. (*Tillon* v. *Kingston Ins. Co.*, 7 Barb., 546.)

*Andrew Boardman* for the respondent. The contract of insurance between plaintiff and defendant being in writing cannot be varied by parol evidence. (*Loraine* v. *Thomlinson*, Doug., 564; *Creery* v. *Holley*, 14 Wend., 26; *Astor* v. *Union Ins. Co.*, 7 Cow., 202.) Plaintiff was the proper party to bring the action. (*Owen* v. *F. J. S. Ins. Co.*, 10 Abb. [N. S.], 166; *Wood* v. *N. W. Ins. Co.*, 46 N. Y., 421.) If the insurance had been made in favor of plaintiff without her knowledge, the property insured being hers, she had a right at any time to ratify it and could hold defendant on it. (*Lee* v. *Adsit*, 37 N. Y., 78–87; *Waring* v. *Indemnity F. Ins. Co.*, 45 id., 606; *Thompson* v. *Am. Tontine Co.*, 46 id.,

674; 2 Duer on Ins., 38–39; 1 Phil. on Ins. [5th ed.], §§ 388–389, p. 202; *Steinback* v. *Rhinelander*, 3 J. Cas., 281; *Mickles* v. *Nia. Ins. Co.*, 1 Hall, 247; *Fumey* v. *N. B. Ins. Co.*, 8 Metc., 348; *Hagadorn* v. *Olwerson*, 2 M. & S., 485.) Plaintiff was under no contract, express or implied, to continue the insurance in the Westchester company. (*Jeff. Ins. Co.* v. *Cotheal*, 7 Wend., 73; *Alston* v. *Mech. M. Ins. Co.*, 4 Hill, 329; *Wall* v. *How. Ins. Co.*, 14 Barb., 383.) Plaintiff having before the fire lost all claim against the Westchester company had the right to a full recovery against defendant. (*Mellen* v. *Ham. F. Ins. Co.*, 17 N. Y., 609; *Bigler* v. *N. Y. C. Ins. Co.*, 22 id.. 402; *Mussey* v. *At. M. Ins. Co.*, 14 id., 79; *Spearman* v. *Nia. Ins. Co.*, 46 id., 531; *Springfield Ins. Co.* v. *Allen*, 43 id., 389; *Hygum* v. *Ætna Ins. Co.*, 11 Iowa, 21; *Forbush* v. *West. Mass. Ins. Co.*, 4 Gray, 337.) Proof of non-payment of the premium is inadmissible to affect the validity of a policy. (*N. Y. C. Ins. Co.* v. *Nat. Pro. Ins. Co.*, 20 Barb., 469; *Goit* v. *Nat. Pro. Ins. Co.*, 25 id., 189; *Bap. Church of Bklyn.* v. *Bklyn. Ins. Co.*, 19 N. Y., 305; *Bouton* v. *M. L. Ins. Co.*, 25 Conn., 542; *Sheldon* v. *Conn. M. L. Ins. Co.*, id., 207.)

LOTT, Ch. C.    The first question presented by the appeal in this case is, whether the plaintiff was, under the terms of the policy considered in connection with the facts hereinafter mentioned, entitled, to recover the amount of loss and damage by fire to the building covered thereby, assuming it to have been in force at the time the fire occurred. It bears date on the 30th day of March, 1861, and, in express terms, insures the plaintiff, by name, against such loss and damage to the amount of $3,000, but declares that the loss, if any, shall be payable to R. E. Curtis.    The fact of damage done to the building by fire on the 6th of April, 1861, and that the amount or extent thereof was $2,100, was admitted.    It was proven that the plaintiff held the legal title to the premises described in the policy, under and by virtue of a deed to her, dated June 11, 1849, and, also, that

the said R. E. Curtis had, subsequent to the fire and previous to the commencement of this action, transferred to the plaintiff all his right, title and interest in and to the policy, and to any avails or receipts which might be derived therefrom, and all sums of money due and to grow due thereon. Evidence of the due and timely service by the plaintiff of the preliminary proof of loss on the defendant was also given. These facts clearly entitled her to a recovery unless the matters, to which I shall now refer, deprived her of that right.

It appears that the plaintiff, in 1860, leased the property to Curtis for the term of five years from the 1st day of April, 1861, giving him the privilege of purchasing it for $20,000. The plaintiff vacated it in the latter part of March, 1861, and Curtis took possession thereof on or about the first day of April thereafter. He paid $700 for six months rent. Proof was given tending to show that Curtis intended to make improvements on the property; and being desirous to have insurance thereon to indemnify him for the amount of the rent and for the expenditures he might incur in making such improvements, he entered into a negotiation with the plaintiff, and also with the defendant, which resulted in the issuing of the policy in question with the assent of all of the parties for the benefit of the plaintiff and Curtis; the latter to be entitled to an indemnity, in case of loss, for the rent and money expended by him in such improvements. It does not appear that any notice of loss by Curtis, or on his behalf, was ever given to the defendant, or that he paid out or incurred any expenses for or toward the improvement of the building.

I see no ground or reason for holding that the plaintiff was, in consequence of the facts and circumstances above stated, debarred from the right to recover to the full extent of the damage done or sustained by the building described in the policy. She was the owner thereof, and, although Curtis had the privilege of purchasing it, that right had never been exercised. He was, therefore, lessee only; and assuming that he, as such, was entitled to be reimbursed for all loss sus-

tained by him, and that he under the clause declaring that the loss should be payable to him, might have demanded and enforced the collection thereof, if he had not made an assignment of his interest, it is unnecessary to consider the effect of that provision as against the plaintiff, it being shown that all claims he had, and all money due or to become due to him had been assigned to the plaintiff, and that she alone was thereby entitled to recover whatever was payable by the defendant.  The plaintiff, by the terms of the policy, was the party insured.  She had clearly an insurable interest, both at the time of the insurance and at the time of the fire, to the full extent of the damage to the building insured.  She, under and by virtue of the contract of insurance, would have had the legal right to indemnity for all the loss she sustained by reason of the fire at the time it occurred, had it not been provided and declared that the amount thereof should be payable to Curtis.  His transfer placed her in the same situation that she would have occupied if such provision and declaration had not been inserted.

The next question arises on the following facts:  The policy contains this provision, viz., " Other insurance permitted without notice until required."   It also provided further, as follows : " That if any other insurance has been or shall hereafter be made upon the said property, not consented to by this company in writing hereon, or if the said property shall be sold or conveyed, or if this property shall be assigned without the consent of the company obtained in writing hereon, or if the assured shall make any attempt to defraud the company, then, and in every such case, this policy shall be null and void.  In case of loss the insured shall not recover on this policy any greater portion of the loss or damage sustained to the subject insured than the amount hereby insured shall bear to the whole amount insured on the said property."

There was, at the time the insurance in question was effected, other insurance on the said building and other buildings, under a policy issued to the plaintiff and in her

name by the Westchester County Mutual Insurance Company, on the 26th day of March, 1860, to the amount of $4,500, in which it was declared that the loss, if any, was "payable to Julia Kellogg." This policy by its terms provided, among other things, as follows, viz.: "That all other insurances against loss by fire, effected or to be effected, on the premises hereby insured, *shall be notified to the secretary of the company*, and the assent of the company written on the policy, or in default thereof, this policy shall thenceforth be wholly void; and if such assent shall be refused, the deposit note and ratable proportion of cash on hand shall be returned, subject to a deduction of one per cent on the deposit note; and in case of any other insurance against fire upon the premises hereby insured, the insured shall not be entitled under this policy to any greater portion of such loss or damage, than the amount hereby insured shall bear to the whole amount insured on the same property." The fact of this insurance having been effected and in full force was communicated to and known by the defendant at the time its policy was issued. No notice was given by or on behalf of the plaintiff to the Westchester County Insurance Company, or its secretary, of the policy of insurance issued by the defendant or of the insurance effected by her thereby; and she, in the notice or proof of her loss given and delivered to the defendant, stated that the insurance under the policy of that company, before the time of the fire, became and was "void." It does not appear that any proof of loss was ever served on that company by or on behalf of the plaintiff, although notice of the damage was, two days thereafter, given to it in writing; but it is shown that its president informed the plaintiff's attorney shortly afterward that it refused to pay anything on account of the loss, on the ground that it had not received any notice of the insurance by the defendant, and that it claimed the benefit of the provision in its policy as to other insurance without notice, above set forth. No suit has been commenced and no other action or measures have been taken

for the collection of the loss, or any part thereof, from that company.

It is claimed, on behalf of the defendant, that the above facts preclude the plaintiff from any recovery whatever, or in any event of more than the amount insured by it bears to the whole amount insured by both companies. This claim is based on the ground that the plaintiff could not, by her omission to give the Westchester company the notice, required by its policy, of the additional insurance, increase the amount which, in case of its continuance, would have been payable by the defendant. This appears plausible, but the answer to it is that there was no express agreement with the defendant that the insurance in force in that company should be continued, and I am not aware nor informed of any principle on which such a contract should be implied. The plaintiff's dealing and her transaction with each company was distinct and independent of the other, and it was competent for her, at any time, to cancel either policy without the assent of the other, and neither policy requires a notice of the termination or discontinuance of the insurance that had been effected under the other. The effect of the provision, while in force, was to prescribe and determine the extent of the liability assumed and to be borne under such circumstances; but no other consequence resulted from the provision in the several policies in relation to the matter than was declared therein.

It is also insisted that the plaintiff was bound to take legal measures to enforce a claim for a portion of the loss sustained by her against the Westchester company, and that its exemption from liability can only be determined by a judgment of a court establishing such exemption. I do not concur in this view of the plaintiff's duties or right. The policy of the Westchester company declared, in express terms, that a default by the assured in notifying its secretary of other insurance effected or to be effected on premises insured thereby, and in having the assent of that company thereon, would make that policy "*wholly void;*" not merely voidable, at its election,

on the discovery of the fact otherwise than by such notice. It would be a useless and likely to be an expensive proceeding for a party to commence a suit on a policy that had become *wholly void* by his own act. If the defendant was satisfied when this suit was commenced, that the policy of the Westchester company was still in force, I am, at present, not aware of any rule that would have prevented it from commencing a suit or taking measures itself to seek contribution, and impleading all the parties for the determination of the question. There would have been as much probability of a successful result to such a litigation as in an action which the defendant claims should have been prosecuted by the plaintiff against that company. It was, however, competent to raise the question as to its liability, so far as it affected the extent of recovery in this action as between the parties thereto; and it was properly, in my opinion, held by the court at circuit and at General Term, that there was no other insurance on the property than that effected by the defendant, and that it was liable for the full amount of loss established by the plaintiff.

The exceptions taken, during the progress of the trial, to the admissibility of evidence and other questions of a minor character presented by the counsel for the appellant in his points, have been considered, and, without referring to them with particularity, I deem it sufficient to say that none of them call for or justify a reversal of the judgment appealed from. It must therefore be affirmed, with costs.

All concur.

Judgment affirmed.