Cooley, Ch. J.:
The facts in this case are stated with sufficient fullness in the opinion delivered when it was before us on a former occasion, and reported in 33 Mich., 138. The case has again been tried with the same result as before, and the question now is, whether any new showing was made on the second trial which will require a different conclusion.
The only new fact which appears to me of importance is, that the renewal policy issued by the Home Insurance Company, was actually issued before the transfer of the property covered by it to the firm of Verdier and Brown, though the premium for it was paid afterwards. But by the former record it appeared that the renewal bore date before the transfer, and no question was made of its having been issued at the time it bore date. The presumption would be that such was the fact. In this particular, therefore, I cannot perceive that the case is changed.
I do not think we are at liberty to go into the question whether the Home Insurance Company waived the forfeiture which might have been insisted upon after the transfer of the Home policy by Verdier to Verdier and Brown, or whether *the Home Company treated its policy as a subsisting one, by joining in the adjustment. The fact is undeniable that Verdier and Brown, after the fire, dealt with the claim against the Horae Company as a valid claim, and sold it as such; and this sale might complicate and per *377 haps defeat the right of the plaintiff in error to be subrogated to the original rights,- — -if any existed, — of Yerdier and Brown against the Home Company, in case the plaintiff in error was compelled to pay, without any deduction on account of the policy issued by the Home. But the actual liability of the .last named company appears to be immaterial. The plaintiff in error required the insured to stipulate in their policy that in adjusting a loss other existing policies should be taken into the account, even though forfeited; the plain purpose being to protect the company against the necessity of contesting with the insured any question of the validity or invalidity of other existing policies. This was a competent provision, and not unreasonable.
The judgment, I think, should be reversed, with costs, and a new trial ordered.
Graves, J., concurred.