G. D. CASSITY, *v.* NEW ORLEANS INSURANCE ASSOCIATION.

FIRE INSURANCE. *Construction of provision in relation to pro rating loss.   Case in judgment.*

   C. insured a stock of goods with company H., the policy containing a stipulation forbidding subsequent insurance without notice. C. insured the goods subsequently with company N., but failed to notify company H. This second policy contained a provision as follows: "The assured shall not be entitlea to recover of this association any greater proportion of the loss or damage than the amount hereby insured bears to the whole sum insured on said property, whether such other insurance be by specific or by general or by floating policies, and *without reference to the solvency or liability of other insurers.*" The goods were destroyed by fire, and company H. denied all liability on its policy. C. then sought to recover the whole amount of loss from company N. *Held*, that under the provision cited above, company N. was entitled to have the amount of its liability fixed by *pro rating* with the policy of company H., whether the latter were liable thereon or not.

APPEAL from the Circuit Court of Hinds County.

HON. T. J. WHARTON, Judge.

The case is stated in the opinion of the court.

*Calhoon & Green*, for the appellant.

These printed contracts in which one party has no voice, forced

to accept the form tendered by the company, should be construed most strongly against the company.

If the clause in question means, by legal interpretation, that a concurrent void policy, of which the company had notice, constitutes insurance upon the property, then the demurrer should have been sustained.

This clause so far from indicating a void policy, conveys the idea that the contract is valid, but that questions may arise thereon which may defeat recovery. If it had meant void policies why couple it with "solvency, without reference to the solvency or liability of other insurers?" Both these words indicate a valid contract.

The use of the expression whether such other insurance is "valid or invalid" is constantly used, and it is used in line 13 of this very policy, when speaking of what insurance without notice will invalidate the policy.

If a policy is issued stipulating that the measure of liability is the proportion of that policy to other insurance, and at date of issuance there exists a former policy, which contains stipulation that if other insurance is taken without consent, such policy is void, and no consent is granted, it is held that the first policy is void by reason of non-consent, and the second policy is liable for the whole loss. *Hand* v. *Williamsburgh Ins. Co.*, 57 N. Y. 41; *Forbush* v. *West. Mass. Ins. Co.*, 4 Gray 337; see also, 11 Iowa 21; 1 Wood Fire Ins., p. 316.

The only case cited by the court for its opinion below (and it is the only case that smacks to the contrary that can be found), is the case in 35 Mich. ▉▉▉, and in that case by the terms of the policy it was provided that such should be whether the policy was *valid or invalid*, and hence not in point.

*W. P. & J. B. Harris*, for the appellee.

The object of the stipulation respecting other insurance is to guard against further excessive insurance or overinsurance, and a policy valid on its face and apparently good was, or might be, as to the insured as influential as a valid policy. But aside from this it is perfectly within the scope of fair dealing to insert in the face of the policy a stipulation that the failure to give notice or to obtain

consent shall avoid the policy, whether such other insurance was valid or not.   There is nothing in it obnoxious to public policy or positive law, and the parties are free to make their own contracts; and so it has been held that such stipulation is valid and binding. *Ins. Co.* v. *Hullman,* 92 Ill. 156; *Ins. Co.* v. *Lamar,* 106 Ind. 513; *Liverpool Ins. Co.* v. *Verdier,* 35 Mich. 395.

It will be observed that the policy here contains the stipulation that want of notice of, or. consent to, further or other insurance avoids the policy, whether such other insurance is valid or not; but that point does not arise here.

And again, it will be noticed that this policy provides for definiteness and certainty in respect to the limit of liability.   The insurer is not left to seek contribution from other insurers, and the question whether other insurance is valid or invalid, or the other insurers solvent or insolvent, makes no difference.

It contains a stipulation that "in no case shall the claim be for a greater sum than the actual damage to or cash value of the property at the time of the fire, nor shall the assured be entitled to recover of this association any greater proportion of the loss or damage than the amount hereby insured bears to the whole sum insured on said property, whether such other insurance be by specific or by general or floating policies, and without reference to the solvency or liability of other insurers."

The matter which the contract proposed to settle, and does settle, is simply this: whether, in case the insured has taken out a policy in an insolvent company or one which afterwards became insolvent, the consequences shall fall on the insurer or the insured; and where the insured has by omission or commission caused a forfeiture of the other insurance, that forfeiture shall affect the insurer who is solvent and bound by a valid and operative policy.   The contract provides that neither of these contingencies shall affect the limit of recovery against the insurer under this policy, which is fixed.

No one can doubt the meaning of the above stipulation as to solvency.   No one can show as it seems to us, that it is not legitimate, reasonable, and competent for the parties to provide for the contingency.

It is equally clear that the other contingency, to wit, the occurrence of forfeiture or other ground of avoiding the "other insurance" is provided for. The legal propriety of the stipulation is beyond doubt. Its fairness cannot be and is not impeached. There are no fetters, as in the case of common carriers, on the perfect freedom of the contracting parties, and no principle of morality, law, or public policy is violated.

It appears here that the insured gave notice to the company sued of a prior policy on the same property; but as the declaration avers, the insured failed to give notice to the first insurer of his intention to take out other insurance, whereby the first policy was forfeited, and therefore could not be estimated as part of the insurance in fixing the amount of the recovery here.

It is to be borne in mind that it is the insured setting *up his own default* under a valid policy to enhance the liability of the second insurer.

*W. R. Harper,* on the same side.

The plain fair meaning to be given to the condition of this policy is, that if there be a policy in existence which *on its face* covers the loss, but which can only be *avoided* by the production of extrinsic evidence, that such policy must be counted in the *pro rating.* This is the meaning of the words "without regard to the liability of other insurers." Of course, it can be said that there is, in logic, no such thing as an insurance without liability, because the moment it ceases to bind it ceases to be insurance. But it is evident that such was not the intention of the parties to the contract, as that construction would only serve to strike out the latter part of the condition entirely and render it meaningless, and to do this would be to violate one of the best settled canons of construction.

The intention of the parties to the contract being settled, this court will have no difficulty in enforcing it. It violates no policy of law, but on the other hand is and ought to be encouraged. It serves a most useful end.

For cases on this point see *Ins. Co.* v. *Verdier,* 35 Mich. 395; *Ins. Co.* v. *Lamar,* 106 Ind. 513; *Ins. Co.* v. *Hullman,* 92 Ill. 145; *Carpenter* v. *Ins. Co.,* 16 Peters 496.

COOPER, C. J., delivered the opinion of the court.

This is an action by the appellant against the appellee, upon a policy of insurance by which his stock of goods was insured against loss by fire to the extent of seven hundred and fifty dollars. The goods have been totally destroyed by fire and their value equalled the sum insured.

A clause of the policy is as follows: "In no case shall the claim be for a greater sum than the actual damage to or cash value of the property at the time of the fire, nor shall the assured be entitled to recover of this association any greater proportion of the loss or damage than the amount hereby insured bears to the whole sum insured on said property, whether such other insurance be by specific or by general or floating policies, *and without reference to the solvency or the liability of other insurers.*"

At the time of taking out the policy here sued on, the plaintiff had another policy on the same stock of goods in the Mississippi Home Insurance Company, in which there was a provision that the policy should be void if other insurance should be taken out without the consent of said company. The plaintiff failed to notify the Home Insurance Company of the insurance in the defendant company, and the Home repudiated all liability on its policy, on the ground that it had not consented to the additional insurance.

The sole point in controversy in this suit is whether the defendant is liable for the loss to the extent of the sum named in its policy, or whether by reason of the clause above quoted, its responsibility is limited to that proportion of loss measured by the amount named in its policy added to the amount insured in the Home.

The court below held that the sum insured by the policy of the Home is to be considered as reducing the sum for which the defendant is liable, and from that ruling the plaintiff appeals.

Counsel for plaintiff does not assert that the clause, construed as the defendant contends it should be, would not be a reasonable and proper one, nor that it would be destructive of the contract, nor that it was covertly inserted as a trap to the unwary. Their contention is, that the policy limits the responsibility of the defendant to its proportion of the loss, measured by the sum of its policy and that

of other valid insurance, but that the policy in the Home having become forfeited by the failure of the assured to obtain its consent to other insurance is no longer any insurance, and is to be excluded as a factor in determining the extent of defendant's liability. In other words, that the phrase "without regard to the solvency or liability of other insurers," must be restricted in its application to other valid insurance.

We cannot yield our assent to this construction of the contract. We cannot, in applying the rule which construes the instrument most strongly against the insurer, close our eyes to the manifest purpose of the clause, and so refine upon language as to defeat the object sought to be accomplished. In the absence of a stipulation of this character, the assured might recover from any one of a number of insurers the whole loss sustained by him, leaving the party from whom full recovery had been had recourse on the other insurers for contribution of the loss paid. Under such circumstances it would devolve upon the company seeking contribution to establish the validity of the several contracts of insurance, and it would bear its proportion of loss arising from the insolvency of one or more of its co-insurers. To obviate this inconvenience and hazard, the clause under consideration is inserted in the policy. It casts upon the assured not only the loss which may arise from insolvency of any co-insurer, but also the obligation of looking to such other insurers for a proportionate part of the loss, regardless of the liability of such insurer upon its policy. We cannot distinguish between a policy of insurance on which there is "no liability to the insurer" and an "invalid" policy. To do so would be to involve real and important rights in mere scholasticism, and parties to contracts would, we doubt not, be astounded to learn what right or duty a court so proceeding would evolve from the ordinary contracts of the day.

In *Ins. Co.* v. *Verdier*, 35 Mich. 395, a stipulation in a policy substantially like the one before us was upheld as reasonable and proper, and though one judge dissented and another concurred upon other grounds, we are satisfied that the decision of the court was a correct exposition of the law. We have been referred to no other

case in which the exact question has been presented and decided. The cases cited by appellant's counsel are not analogous to the case at bar.    In *Hand* v. *Ins Co.*, 12 Sickles (Court of Appeals), the limitation of liability was for a proportionate part " of the whole amount insured."    The principal point of contention there was, whether the assured was under obligation to keep alive all policies that existed at the time of the insurance in the defendant company, and this question was answered in the negative.    It was also held that the words " whole amount insured " embraced only subsisting valid policies at the time of the loss. This case is cited by Wood, Vol. I, p. 316 (to which appellant's counsel refer), in support only of the proposition that the assured is not bound to keep up all policies existing at the time of securing other insurance.

*Forbush* v. *Ins. Co.*, 4 Gray, is on all fours with this case in New York.    In *Hygum* v. *Ins. Co.*, 11 Iowa, the stipulation was for exemption from greater liability than a proportion of the loss measured by " the whole amount insured."

All these cases may be right, but they cast no light upon the question before us.    They decide that the words " other insurance," means other " valid insurance," other insurance upon which the insurer is liable; but this does not aid us in construing a contract in which the other insurance referred to is that in which there may or may not be " any liability of the insurer."

We might further add, that clauses in policies of insurance declaring that they shall be " void " on certain contingencies, are very generally construed to make them voidable only where the contingency stipulated for or against is for the benefit of the insurer alone, and that he may waive the forfeiture and continue the policy at his election.

That in this case the forfeiture was insisted on by the Home Company after the loss of plaintiff's goods, does not show that its policy was void and not voidable only at the time of the loss, to which time must be referred the defendant's liability on its contract.

*The judgment of the court below is affirmed.*