JENNIE M. DONOGH v. THE FARMERS' FIRE INSURANCE COMPANY.

*Fire insurance—Conditions of policy—Other insurance—Waiver of forfeiture.*

1. A policy of insurance which provides that it shall be void if the insured now has, or shall hereafter make or procure, any other contract of insurance, *whether valid or not,* is voided by a subsequent insurance in form, even though it may not be binding and enforceable.

2. In a suit upon an insurance policy containing such a provision, it appeared that, in the first conversation had by the agent of the defendant with plaintiff's agent, the defense growing out of a violation of said provisions was clearly foreshadowed, and that afterwards, in a letter acknowledging the receipt from plaintiff's agent of formal notice of the loss, the general agent

of the defendant clearly indicated that the defendant intended to make said defense. And it is held that the contention of the plaintiff that the defendant waived said condition by inviting proofs of loss in said letter is untenable, it appearing that all that was promised was that, if plaintiff saw fit to furnish such proofs, the defendant would take such action as the facts demanded, but that plaintiff was apprised in the same letter that the loss could not be adjusted for the reason that other insurance, provided against in the policy, existed.

Error to Gratiot. (Daboll, J.) Argued January 25, 1895. Decided April 2, 1895.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*George P. Stone* and *John M. Everden,* for appellant.

*Kelly S. Searl* (*Thomas Bates,* of counsel), for defendant.

MONTGOMERY, J. This is an action on a policy of insurance. The case was tried before the circuit judge without a jury, and comes before this Court for review upon special findings of fact and law.

The findings of fact show that on April 6, 1892, the defendant issued its policy of insurance, which was a Michigan standard form, and ran for one year from its date. On the 17th of January, 1893, the plaintiff took out an additional policy in the Liverpool & London & Globe Insurance Company, covering the same property, and to run for one year. Each policy contained the clause that the same should be void "if the insured now has, or shall hereafter make or procure, any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy." After the fire the general agent of the defendant went to Ithaca, the scene of the fire, and was informed by the agent of the plaintiff of the fact that the second policy had been taken out in the

Liverpool & London & Globe, and that that company had refused to pay. The agent of the company then said to the plaintiff's agent that he could not tell what ground his company would take; that it might take the ground that it was not liable at all upon the policy, and it might be that it would take the position that both companies would have to contribute; he was not positive which it would be. Subsequently, the agent of the plaintiff wrote the general agent of the defendant, inclosing formal notice of the loss, as required by the policy; and defendant's agent wrote, under date of February 27, 1893, acknowledging the receipt of the notice, and promising to give the matter early attention. On the 27th of March, 1893, excusing his delay on the ground of sickness and press of other matters, he wrote as follows:

"I will, however, say to you, as agent for Mrs. Donogh, that, owing to the existence of other insurance on the property at the time of the fire, I cannot take any action towards adjustment of the loss, and can only say to Mrs. Donogh and to you, as her agent, that if she has any claim against the Farmers' Fire Insurance Co., of York, Pa., she should present it in the manner prescribed by the policy, when we will take such action as the facts demand."

The circuit judge found, as conclusions of law—*First*, that the taking out of the policy in the Liverpool & London & Globe Insurance Company was in violation of the terms of the first policy, and rendered the same void; and, *second*, that there had been no waiver of this forfeiture on the part of the defendant company.

1. Plaintiff contends that, inasmuch as the policy attempted to be taken out in the Liverpool & London & Globe contained a clause like that which was relied upon by the defendant, such subsequent policy was void, and therefore did not operate to forfeit the first policy. There is authority to sustain this contention of plaintiff, to the

extent that, where there is a stipulation in the policy merely that it shall be avoided by subsequent insurance, the first policy is not avoided by taking out a new policy which is wholly inoperative and void. See *Gale v. Insurance Co.*, 41 N. H. 170; *Stacey v. Insurance Co.*, 2 Watts & S. 506; *Philbrook v. Insurance Co.*, 37 Me. 137; *Schenck v. Insurance Co.*, 24 N. J. Law, 447; *Jackson v. Insurance Co.*, 5 Gray, 52. But the stipulation in this case goes further. It provides that the policy "shall be void if the insured now has, or shall hereafter make or procure, any other contract of insurance, whether valid or not." Language could not well be more specific. The evident purpose of the provision is to guard against the possibility of all apparent motive or inducement to commit fraud. This cannot be wholly guarded against by providing that the insured shall not have any enforceable contract, but it was deemed wise to provide against the taking out of any policy which the insured might deem a protection, and regard as affording him indemnity. The purpose is apparent, and is lawful; and the language is intended to be broad enough to cover every possible case in which motive to incendiarism might be created by overinsurance, or by a belief on the part of the insured that he had succeeded in procuring excessive insurance. In reason and by authority, the policy is rendered void by a subsequent insurance in form, even though such insurance may not be binding and enforceable. *Insurance Co. v. Lamar*, 106 Ind. 513; *Sugg v. Insurance Co.*, 98 N. C. 143; *Bigler v. Insurance Co.*, 22 N. Y. 402; *Hughes v. Insurance Co.*, 40 Neb. 626; *Lackey v. Insurance Co.*, 42 Ga. 456; *Allen v. Insurance Co.*, 30 La. Ann. 1386; *Replogle v. Insurance Co.*, 132 Ind. 360; *Carpenter v. Insurance Co.*, 16 Pet. 495.

2. We think it very clear that there was no waiver of this condition. In the first conversation with the agent

of the company the defense subsequently insisted upon was clearly foreshadowed. In the letter of March 27 the agent very clearly indicated that the company intended to make the defense now insisted upon. But it is said that the company invited proofs of loss. But certainly the plaintiff could not have been misled when, in the same letter, she was apprised that the loss could not be adjusted for the reason that other insurance existed, and when all that was promised was that if she saw fit to furnish proofs of loss the company would take such action as the facts demanded. It was very clearly indicated to plaintiff, from the first, that this claim would be contested.

The judgment will be affirmed.

LONG, GRANT, and HOOKER, JJ,, concurred. McGRATH, C. J., did not sit.