gether, and a balance struck upon them,—to constitute an account stated. But it is clear that nothing of the kind was said. The thing upon which stress was laid by the learned judge in that charge was that there must be a mutual agreement, and all concede that such mutual agreement is of the actual essence of an account stated, and that until that is made there can be no such account; so that, to a certain extent at least, the charge was correct. That being so, a single exception to the several propositions, of the charge, if one of them was correct, would not avail. Haggart v. Morgan, 5 N. Y. 422. In such a case, where counsel believe that the charge is misleading to the jury because of certain phrases inserted in a proposition which is otherwise correct, it is necessary, to enable him to get a valid exception, that he should put his finger upon the proposition objected to, and employ such language that there can be no doubt of the nature of the exception he takes, and the object for which he takes it, so as to enable the judge to correct or modify the language used, if he thinks proper to do so, and to prevent any misapprehension as to what portion of the charge the exception was intended to apply. In this case, if counsel thought the jury were misled because they were bound to believe from this statement of the law that there could be no account stated unless there were mutual claims which were agreed upon, it was his duty to have presented that proposition to the judge, so that he could have corrected it, and explained it to the jury. The court is not called upon, where a general exception is taken to a charge which contains a proper statement of a proposition of law, to examine into that statement, and correct a portion of it, unless his attention is called to that particular portion of it which is alleged to be unsound; and, if counsel see fit to stand upon an exception to a proposition, a part of which is correct, they cannot find any fault where they fail to point out the incorrect proposition, if their exception is held to be of no avail.

For this reason we think there was no error of which the plaintiff can take advantage in the record in this case, and that the judgment and order must be affirmed, with costs. All concur.

RICKERSON v. GERMAN-AMERICAN INS. CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. June 5, 1896.)

1. APPEAL—DECISION—LAW OF THE CASE.
   On reversing a judgment, the general term of the supreme court construed a policy of insurance. On a second trial, the court admitted evidence to explain the meaning of the parties by the language used in the policy, and submitted the question of its construction to the jury, in the light of such evidence. Afterwards, in a different action, the court of appeals held that an exactly similar policy on the same property was ambiguous, and that extrinsic evidence was admissible to show its meaning. *Held*, that the action of the trial court on the retrial of the action remanded, being in accordance with the decision of the court of appeals, was not erroneous.

2. INSURANCE—CONTRIBUTION CLAUSE.
    Where there are concurrent policies of insurance on the same property, containing provisions for contribution, the fact that a recovery is defeated on one policy does not affect the contribution clause of the other, nor increase the liability thereunder.

Appeal from circuit court, New York county.

Action by Martin L. Rickerson against the German-American Insurance Company of New York and the Washington Life Insurance Company. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant German-American Insurance Company appeals. Modified.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

William D. Murray, for appellant.
George Richards, for respondent.

BARRETT, J. When this case was before the general term upon the previous appeal, it was held that the policy in question did not cover the rear building upon the lot No. 160 Mott street. 85 Hun, 266, 32 N. Y. Supp. 1026. Since then the same question was presented to the court of appeals in another case. This other case was an action against the Hartford Fire Insurance Company upon a similar policy to that now under consideration. These policies were upon the same property, and the descriptions were precisely alike in each. The court of appeals held in the action (upon the other policy) against the Hartford Fire Insurance Company (149 N. Y. 307, 43 N. E. 856) that the description in that policy of the property insured was ambiguous, and that evidence was admissible "to place the court in the position of the parties, and enable it to appreciate the force of the words they used in reducing the contract to writing." In other words, the court of appeals decided that the description contained in the policy did not clearly or unmistakably limit the property insured to the front building upon the lot; that such description was ambiguous; that, to clarify it, the surrounding circumstances might be resorted to; and that the intent and meaning of the parties in the use of the language employed were a question of fact to be determined by a court or jury, upon all the evidence. Before this latter decision was made, the plaintiff in the present case, under the stress of the general term opinion, moved at special term for an amendment to his complaint, setting up facts which would justify the reformation of the policy, so that it should in terms cover the rear building as well as the front. This motion was granted upon terms, and the complaint was amended accordingly. When the case came to trial a second time, the court was embarrassed by this amendment. The trial again took place at circuit before a court and jury. The learned trial judge suggested that the policy could not be reformed at that branch of the court, nor upon a jury trial. He also intimated that, apart from the question of reformation, the case stood precisely as it did before, and that, consequently, the opinion of the general term seemed to call for a dismissal of the complaint. The

plaintiff's counsel then abandoned the claim of reformation, and stood upon his right to recover upon the policy according to its true intent and meaning. Although the learned trial judge was not aided by the opinion of the court of appeals in the other case (for that other case had not then been decided), he fortunately yielded to the views pressed upon him by the plaintiff's counsel, and submitted the question raised by the ambiguity to the jury. Such submission was entirely in line with the opinion subsequently handed down by the court of appeals. The charge was in fact a correct presentation of the question to be solved by the jury, and the verdict thereupon rendered should not be disturbed. Ordinarily, the rule laid down by the appellate branch of a court in which the action is pending should govern as to the construction of a contract therein. It is the law of the case until directly reversed in the same case. Here, however, the contract was precisely the same in the one case as in the other. It would therefore be unjust to the plaintiff to treat the decision rendered upon the previous appeal herein as the law of the case. It is obvious that such a ruling would, without benefiting the defendant, merely delay the plaintiff, and involve him in further expense, with no prospect of a different result from that already attained. There was nothing in the complaint as amended which prevented the trial of the original issues of fact before a jury at circuit. The testimony given was admissible upon the question of the intent and meaning of the parties, and consequently of the intent and meaning of the ambiguous phrase in the contract, without reference to the averments which were added with a view to reformation. Those averments certainly did not close the door to proof of the surrounding circumstances, with a view to a recovery upon the policy as it read. Nor did they limit the plaintiff to a trial in equity. He elected to proceed at law, and there was enough in his complaint to warrant a common-law trial upon the policy, and a common-law recovery for the loss. The case was properly tried throughout within the views expressed by the court of appeals, and the proceedings are an example of all parties building better than they probably knew.

There was no substantial error in the charge, or in the admission or exclusion of evidence. The judgment, however, should be reduced. The defendant's policy contained the regular contribution clause, and the Hartford Company's policy to the same amount, on the same property, was proved. Defendant's counsel asked the court to charge that the recovery could in no event exceed $2,781.50, or one-half the loss, which was denied, and an exception taken. The only reason that can be assigned for this ruling is that the judgment in the Hartford Company Case (then unreversed) had been introduced in evidence, and showed that it had been adjudged that that company was not liable for any of the loss. But this did not make the policies nonconcurrent. If the other company was, for any cause, so fortunate as to escape, that would be no reason for holding the defendant to a greater liability than that contracted for.

The judgment should be reversed, and a new trial ordered, unless the plaintiff stipulate within 20 days to reduce the judgment to the sum of $2,781.50, with proportionate interest and costs (including in

the latter 5 per cent. extra allowance upon the reduced amount). If he so stipulates, the judgment should be modified accordingly, and, as modified, affirmed, with costs. All concur.

---

### In re HAVEMEYER'S ESTATE.

