SOUTHERN NAT. INS. CO. OF AUSTIN v. BARR.

(Court of Civil Appeals of Texas. Austin. May 15, 1912.)

1. INSURANCE (§ 310*)—AVOIDANCE OF POLICY—ADDITIONAL INSURANCE—EFFECT ON POLICY.

A provision of a fire policy that it should be void if insured procure any other contract of insurance on the property covered by the policy did not ipso facto make the policy void by the issuance of a second policy in another company, since the company had a right to waive the provision and continue the policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 703; Dec. Dig. § 310.*]

2. WORDS AND PHRASES—"VOID."

The term "void" is an indefinite expression, having no fixed meaning, what is "voidable" often being called "void," it being a common practice of Legislatures and courts to use the words interchangeably, where the distinction is not material in the particular case; but strictly the word "void" means "of no legal force or effect whatever, null and incapable of confirmation or ratification," and where it is used to secure a right or confer a benefit on property it will, as a rule, be held to have such meaning, but if used respecting the rights of individuals capable of protecting themselves it will often be held to mean only "voidable" (quoting and adopting the definition in 8 Words and Phrases, p. 7334.)

3. INSURANCE (§ 504*)—AMOUNT RECOVERABLE—OTHER INSURANCE.

A fire policy provided that the entire policy should be void if insured procured any other insurance on the property covered by the policy. A subsequent policy, issued by defendant covering the same property, provided that defendant should not be liable for a greater proportion of any loss than the amount hereby insured "shall bear to the whole insurance, whether valid or not, covering the property." *Held* that, irrespective of whether the first policy became absolutely void or only voidable upon the issuance of the second policy without the first company's consent, it should be considered as insurance in determining defendant's liability under the provision making it liable for no greater amount than its policy bore to the whole amount of the insurance.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1285–1290; Dec. Dig. § 504.*]

Appeal from District Court, Travis County; Geo. Calhoun, Judge.

Action by Mrs. W. B. Barr against the Southern National Insurance Company of Austin. From a judgment for plaintiff, defendant appeals. Reversed and rendered.

Geo. S. Wright, of Dallas, and W. P. Allen, of Austin, for appellant. Fiset & McClendon, of. Austin, for appellee.

RICE, J. Appellee brought this suit against appellant to recover the sum of $687.20, claimed as a balance due her on a policy of insurance in the sum of $1,000, issued by it covering her residence, which had been partially destroyed by fire.

Appellant answered by general denial, and specially that at the time of the fire there was on the property $3,850 insurance in the Royal Exchange Assurance Company, which, under the terms of defendant's. policy, should contribute to the loss; that defendant's proportion of the loss and damage to the property was $312.80, which sum had been paid by it in full settlement of plaintiff's claim.

By supplemental petition, plaintiff replied that the Royal Exchange Assurance Company's policy provided for forfeiture, if other insurance was secured by plaintiff; that the securing of the defendant's policy avoided the Royal policy; and that such void policy was not insurance, within the meaning of the pro rata clause of defendant's policy.

It appeared from the evidence that appellee, on February 7, 1908, took out a policy of insurance on her residence in the Royal Exchange Assurance Company of London, England, for the sum of $3,850, which expired February 7, 1911. This policy contained the following provision: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now or shall hereafter make or procure any other contract of insurance, *whether valid or not*, on the property or any portion thereof covered, in whole or in part, by this policy."

On June 9, 1909, appellee took out a policy of insurance in the Southern National Insurance Company, appellant, for $1,000, covering the same building for a period of one year from date of issuance. The fire

occurred February 19, 1910, resulting in a partial loss of said building, estimated at $1,517.09. The second policy contained, among other provisions, the following: "This company shall not be liable under this policy for a greater proportion of any loss on the described property * * * than the amount hereby insured shall bear to the whole insurance, *whether valid or not*, * * * covering such property." Appellee did not obtain or procure the consent of the Royal Exchange Assurance Company for this additional insurance; nor was any such consent entered upon such policy when the second policy was taken out; nor, indeed, is it claimed that she did obtain such consent, but it is conceded that said company was not even apprised thereof till after the fire. Subsequent to the loss and prior to the institution of this suit, appellant paid to Mrs. Barr, appellee herein, the sum of $312.80, being in full, as it claimed, of the amount due her under its policy, contending that the clause in its policy, above quoted, only rendered it liable for said amount, which was its proportionate share of said loss.

The court instructed the jury, in effect, that on account of the taking out of the second · policy, without the consent of the first company, that the policy in said Royal Exchange Company eo instanti became void under its terms and conditions, and constituted no insurance upon the premises of plaintiff described therein, and ceased to affect the question of the liability of the first company under the claim for proportionate payment, and refused a peremptory instruction in behalf of appellant. There was a verdict and judgment in favor of appellee for the amount sued for, and appellant has prosecuted this appeal, assigning the action of the court in both respects as error.

[1] It seems that formerly, where insurance policies contained a provision limiting the insurer's liability to a proportionate part of the loss, based upon the *"whole amount insured,"* that the courts held that the *"whole amount insured"* embraced only subsisting valid policies at the time of the loss. See Hand v. Insurance Co., 57 N. Y. 41; Forbush v. Insurance Co., 4 Gray (Mass.) 337; Hygum v. Insurance Co., 11 Iowa, 21. Since then, however, doubtless for the purpose of protecting themselves against the necessity of contesting with the assured any question of the validity or invalidity of other existing policies, a provision limiting the liability to no greater proportion of the loss than the sum insured bears to the whole insurance, whether valid or not, was inserted in the policies, which provision has been held to be reasonable. We do not believe that the first policy, under its provisions, became absolutely null and void, ipso facto, by reason of the issuance of the second policy, but are inclined to the opinion that such second policy was, by reason thereof, void-

able only since, notwithstanding the happening of this contingency, said company had the right to waive said provision and continue said policy in force. It is said in 19 Cyc. p. 746, on the subject of additional insurance, that "upon the assumption that the assured will be less careful to protect his property from loss in proportion as the amount of his insurance is increased a usual stipulation of the policy is one that the contract shall be vitiated if additional insurance shall be procured on the property, without the insurer's consent. Such provision is valid and reasonable. There is a strange conflict of opinion as to whether the policy becomes void ipso facto, or whether the doing of the prohibited act renders the policy only voidable at the instance of the insurer. A number of courts give a · literal effect to the stipulation, and avoidance immediately results. Other courts assert that the provision is inserted for the benefit of the company and may be waived by it, as any other provision intended for its benefit; and hence the policy is voidable only."

[2] "The term 'void' is equivocal. It may import absolutely null, or merely voidable. It· is an indefinite expression that has no fixed meaning, and what is only 'voidable' is often called 'void.' It is a common practice of Legislatures and courts to use the words 'void' and 'voidable' interchangeably, where the distinction between them is not material to the question or case under consideration.

"'Void' has with lexicographers a well-defined meaning as of no legal force or effect whatsoever, or null and incapable of confirmation or ratification. But it is sometimes and not infrequently used in enactments, in opinions, in contracts, and in arguments in the sense of voidable; that is capable of being avoided. The word 'void,' when used in any of these instruments, will therefore be construed in the one sense or the other as shall best effectuate the intent in its use, which will be determined from the whole language of the instrument and the manifest purpose it was framed to accomplish.

"Where the word 'void' is used to secure a right or to confer a benefit on the property, it will, as a rule, be held to mean null and incapable of confirmation; but, if used respecting the rights of individuals capable of protecting themselves, it will often be held to mean voidable only."

The above extracts are from cases collated in volume 8, Words and Phrases, p. 7334. To the same effect is the text· in 29 American & Eng. Ency. Law, p. 1068. So that, if the clause in the first policy be given the construction justified by the above authorities (which accords with our belief), then the fact that additional insurance was taken out by Mrs. Barr, without the consent of the Royal Exchange Assurance Company, did not

render said policy void ipso facto, but merely voidable at the election of said company, in which event it cannot be questioned but that appellant's contention is correct that said first policy must be considered as subsisting, outstanding insurance at the time of the fire; and therefore it was not liable for a greater proportion of said loss than its policy bore to the whole amount of such existing insurance, notwithstanding it is subject to be defeated by the taking out of such second policy, for which reason the judgment rendered was not authorized.

[3] But we do not place this decision wholly upon this ground; for we think, irrespective of the fact whether or not said first policy became ipso facto void upon the taking out of the second policy without the consent of the first company, that it should be considered as insurance in estimating appellant's liability under the clause contained in its contract, which was that it was liable for no greater amount, in the event of loss, than its policy bore to the whole amount of the insurance, whether valid or not. See Wilson v. Ætna Ins. Co., 12 Tex. Civ. App. 512, 33 S. W. 1085; Nat. Union Ins. Co. v. Dorroh, 133 S. W. 477; Cassity v. Insurance Ass'n, 65 Miss. 49, 3 South. 138; Gandy v. Orient Ins. Co., 52 S. C. 224, 29 S. E. 658; Rickerson v. German American Ins. Co., 6 App. Div. 550, 39 N. Y. Supp. 547; Liverpool, L. & G. Ins. Co. v. Verdier, 35 Mich. 395; Hartford Fire Ins. Co. v. Peterson, 209 Ill. 112, 70 N. E. 757; Webb v. Concordia Fire Ins. Co., 167 Mich. 144, 132 N. W. 523; Cooley's Briefs on the Law of Insurance, vol. 4, p. 3101.

In Wilson v. Ætna Ins. Co., supra, Mr. Justice Collard held, as shown by the syllabus, that "a policy providing that it should be void if the insured had or should thereafter procure 'any other insurance, whether valid or not,' was voided by afterwards procuring another policy, which by reason of a similar clause therein, was void and never attached."

In Insurance Co. v. Dorroh, supra, the Texarkana court held, in construing a policy declaring a forfeiture in the event of additional insurance, whether valid or not: "The condition 'whether valid or not' includes an invalid or void policy, and is enforceable—" citing the Wilson Case with approval.

These cases are authority, we think, in this state for the contention that a clause, "insurance, whether valid or not," includes a void policy, or a policy in the same attitude as the Royal policy in this case. But cases have gone to judgment in other jurisdictions where the exact point in question here presented has been discussed and determined in favor of appellant's contention. In Cassity v. Insurance Co., supra, the Supreme Court of Mississippi, passed upon the following provision in a policy of insurance, to wit: "The insured shall not recover any greater proportion of the loss than the

amount hereby insured bears to the whole sum insured on said property * * * without reference to the solvency or liability of other insurers." At the time of taking out of the New Orleans Insurance Company's policy, assured had another policy in the home company, which provided for a forfeiture if other insurance be taken out. The assured claimed that the home policy was void from the inception of the policy sued on, and did not constitute insurance, within the meaning of the contribution clause, above quoted, which is the same contention as is urged in the case at bar. The court, in passing upon this question, said: "In the absence of a stipulation of this character, the assured might recover from any one of a number of insurers the whole loss sustained by him, leaving the party from whom full recovery had been had recourse on the other insurers for contribution of the loss paid. Under such circumstances, it would devolve upon the company seeking contribution to establish the validity of the several contracts of insurance; and it would bear its proportion of the loss arising from the insolvency of one or more of its coinsurers. To obviate this inconvenience and hazard, the clause under consideration is inserted in the policy. It casts upon the assured, not only the loss which may arise from insolvency of any company insurer, but also the obligation of looking to such other insurers for a proportionate part of the loss, regardless of the liability of such insurer upon its policy. We cannot distinguish between a policy of insurance on which there is 'no liability of the insurer' and an 'invalid policy.' We cannot yield our assent to this construction [assured's construction] of the contract. We cannot, in applying the rule which construes the instrument most strongly against the insurer, *close our eyes to the manifest purpose of the clause and so refine upon language as to defeat the object sought to be accomplished.*"

In Gandy v. Insurance Company, supra, a question similar to the one under consideration was determined in accordance with appellant's contention. There a policy in the home company was issued prior to the Orient policy, and contained a provision making it void if other insurance was secured. It was claimed that the home policy was void from the inception of the Orient policy, and therefore was not within the condition "other insurance, valid or not," in the contribution clause of the Orient policy; but the court held that, regardless of the question as to whether the home policy was void or voidable, it was insurance, within the condition of the contribution clause.

In the recent case of Webb v. Concordia Fire Ins. Co., supra, by the Supreme Court of Michigan, the facts were as follows: The insured secured a policy in the Mutual Company October 8, 1903. This policy provided

for its forfeiture if other insurance were secured. Later another policy sued upon was secured. The last company had notice of the first policy; but the first company had no notice of the last policy. The last policy contained a clause: "This company shall not be liable for a greater proportion of any loss than the amount hereby insured bears to the whole insurance, whether valid or not." The defendant company settled with the assured and paid him its proportion of the loss; both parties assuming that the Mutual Company would pay its proportion. The Mutual Company refused to pay any part of the loss, on the ground that the additional insurance, procured without notice to it, avoided its policy. Assured thereupon instituted suit to cancel the settlement with defendant and recover the balance of the insurance. The assured secured judgment in the lower court. The court reversing the judgment said: "The single question presented for our determination is: Does the pro rata clause apply to a case where the prior policy becomes void ipso facto upon the issuance of the subsequent policy? Counsel for the defendant contend that the phrase 'whether valid or not' was inserted in the policy to cover just such a case as this; that manifestly the pro rata clause can have no effect and cannot become operative until there has been a loss, and that loss ascertained. Therefore, whether a policy has been forfeited and is invalid at the time of the loss, or whether it is still in force, makes absolutely no difference under the wording of the policy. The contention of complainant was that, 'by reason of the taking of the policy in the defendant, the first policy became wholly void; that the fact that the claim was made under the first policy would not annul the second policy; * * * that the first policy became void upon the day of the issuance of the new policy in defendant company; that it became void for all purposes, not only for the purpose of avoiding liability upon that policy, but it was so void that there was no policy in existence after that date for any purpose whatever, except the policy of the defendant; and that the defendant was the sole insurer of the property at the time of the loss and was liable for the full loss of the property covered by their policy."

After so stating the contentions of each party, the court, proceeding, said: "We think it was the legislative purpose in requiring this provision in the statutory policy that all policies in existence at the time of the loss should be taken into account, wheth-

er void or valid. In the Verdier Case, Chief Justice Cooley said: 'The plaintiff in error required the insured to stipulate in their policy that in adjusting a loss other existing policies should be taken into account, even though forfeited, the plain purpose being to protect the company against the necessity of contesting with the assured any question of the validity or invalidity of existing policies, and this was a competent provision and not unreasonable.' In Donogh v. Insurance Co., 104 Mich. 503, 62 N. W. 721, Justice Montgomery said: 'Plaintiff contends that, inasmuch as the policy attempted to be taken out in the Liverpool, London & Globe Insurance Company contained a clause like that relied upon by the defendant, such policy was void and did not operate to forfeit the first policy. There is authority to sustain this contention of plaintiff to the extent that, where there is a stipulation in the policy merely that it shall be voided by subsequent insurance, the first policy is not avoided by taking out a new policy which is wholly inoperative and void. [Citing authorities.] But the stipulation in this case goes further. It provides that the policy shall be void if the assured now has or shall hereafter make or procure any other contract of insurance, whether valid or not. Language could not well be more specific. The evident purpose of the provision is to guard against the possibility of all apparent motive or inducement to commit fraud.' As remarked by the author of May on Insurance (volume 2, p. 365b): 'It is difficult to see why the words "valid or not" do not in all common sense cover a void policy.'"

We think the clause in appellant's policy limiting its liability to no greater proportion of the loss than the amount insured bore to the whole insurance, whether valid or not, must control. It is the solemn agreement of the parties, which the court is bound to enforce, in the absence of fraud or other circumstances authorizing us to set aside the contract. To hold otherwise would be to make a new contract for the parties, which we are not authorized to do. As the parties have bound themselves, so must they be bound.

We therefore hold that, whether such other insurance was valid or not at the time of the fire, it must be taken into consideration in determining appellant's liability under the contract. So believing, it becomes our duty to reverse the judgment of the trial court and here render judgment in behalf of appellant, which is accordingly done.

Reversed and rendered.