PAGE et al. v. SUN INSURANCE OFFICE.

(Circuit Court, D. Minnesota, Fourth Division. November 5, 1894.)

INSURANCE—PRORATING LOSS.
      Where property is covered by both a specific and a compound policy, each containing a provision that the company shall not be liable for a greater proportion of any loss than the amount insured bears to the whole insurance, the full amount of the compound policy is available for its due proportion.

Action by Edward S. Page and others against the Sun Insurance Office on a fire policy.

In this case plaintiffs, lumber dealers at Anoka, Minn., held four policies of insurance for $2,500 each, of which the defendant issued one, on the westerly block of their lumber yards. They also held policies, amounting

to $40,000, covering the lumber on both the easterly and westerly blocks. A loss occurred, solely upon the westerly block, to the amount of $30,982.02; and the only question to be determined is as to the contribution to be paid under the several policies. It is agreed that the values before the fire were $42,368.46 on the westerly block, and $16,727.06 on the easterly block which was not damaged. All the policies were of the Minnesota standard form, and contained the following clause: "This company shall not be liable under this policy for a greater proportion of any loss on the described property than the amount hereby insured shall bear to the whole insurance * * * covering such property." Plaintiffs contend that the $40,000 compound policies are available for the payment of the loss on the westerly block, only in the proportion that the valuation of the westerly block bears to the combined valuation of both blocks; or, in other words, that amount is to be obtained by adding together the valuations of each block, dividing the $40,000 by that sum, and multiplying the dividend by $42,368.46, which gives the amount of $28,577.95; and it is stipulated that, if this view be correct, defendant is liable for $2,002.56. On the other hand, defendant insists that the whole $40,000 is available, and it is agreed that, if this rule is to be applied, the defendant is liable for only $1,549.10, and for this sum it has offered judgment.

Kueffner, Fauntleroy & Searles, for plaintiffs.

Kitchel, Cohen & Shaw, for defendant.

NELSON, District Judge (after stating the facts). Under this clause in the Minnesota standard policy, which is the contract governing the case, the limitation of liability is for a proportionate part of the whole insurance covering the property; and the stipulation exempts the defendant from any greater liability than a part of the loss, to be measured by the whole amount insured. This rule, it seems to me, must be applied whether the other insurance is by specific or compound policies. There is no intimation in the clause that compound or floating policies covering the same and other property are not to be considered as part of the whole insurance covering such property. Let judgment be entered for plaintiffs in the sum of $1,549.10.