PAGE et al. v. SUN INSURANCE OFFICE.

(Circuit Court of Appeals, Eighth Circuit.    March 30, 1896.)

No. 637.

FIRE INSURANCE—PRORATING LOSS.
    Property situated on two separate blocks was insured to a certain amount under policies covering the entire property on both lots. The property on one block was further insured by a policy covering that alone, which contained a provision that the company should not be liable for a greater proportion of any loss than the amount insured should bear to the whole insurance. The property covered by this policy was partially destroyed, that on the other block remaining uninjured. *Held,* that the compound policies covered the property destroyed, to their full amount, so that the proportion of the loss to be borne by the specific policy was the proportion which that policy bore to the total amount of both the compound and specific policies. 64 Fed. 194, affirmed.

In Error to the Circuit Court of the United States for the District of Minnesota.

Otto Kueffner (J. N. Searles, T. T. Fauntleroy, and Frederick D. Rice were with him on the brief), for plaintiffs in error.

Emanuel Cohen (Stanley R. Kitchel and Frank W. Shaw were with him on the brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge. Edward S. Page and Charles H. Page, co-partners as Page Bros., the plaintiffs in error, were the owners of lumber, lath, and shingles of the value of $59,095.52, situated on two blocks in the city of Anoka, Minn. That portion of this property situated on the easterly of these blocks was worth $16,727.06, and that portion of this property situated on the westerly of these blocks was worth $42,368.46. On November 10, 1893, a fire caused a loss of $30,982.02 on that portion of their property situated on the westerly block, but caused no damage or loss upon the property situated on the easterly block. At the time of this fire the plaintiffs in error held policies of insurance to the amount of $40,000 on this entire property situated on both blocks, and policies to the amount of $10,000 upon that portion of this property situated on the westerly block. One of the latter policies, for the amount of $2,500, was issued by the Sun Insurance Office, the defendant in error. This policy contains this provision:

    "This company shall not be liable under this policy for a greater proportion of any loss on the described property * * * than the amount hereby insured shall bear to the whole insurance, whether valid or not, or by solvent or insolvent insurers, covering such property."

Upon this state of facts the court below held, in an action upon this policy, that both the $10,000 insurance on the property on the westerly block only, and the entire $40,000 insurance upon all the property on both blocks, covered the property situated on the westerly block and described in this policy, and that the plaintiffs in error could recover only $2500/50000$ of the amount of the loss on this policy, which is $1,549.10. Judgment was accordingly entered

for that amount, and this writ of error was sued out to reverse it. 64 Fed. 194. The only error assigned is that only such a proportion of the $40,000 insurance upon the property upon both blocks as the value of the property upon the westerly block bore to the value of the property on both blocks (that is to say, only $4236846/5900552$ of $40,000), which is $28,677.95, covered the property upon the westerly block, within the true meaning of the clause of the policy in suit which we have quoted; that the whole insurance covering the property on this block was consequently only $38,677.-95; and that the defendant in error is consequently liable for $250000/3867795$ of $30,982.02, the total loss, which is $2,002.56. Ingenious and persuasive arguments have been presented to sustain this assignment, but the unambiguous terms of the contract are fatal to them all. This contract is too plain to permit construction, too positive to allow evasion, and too clear to admit of doubt. It provides that this defendant in error shall not be liable for any greater proportion of the loss on the property described in it than the amount insured by it shall bear to the whole insurance covering the property it describes. It will not do to say that the policies for $40,000, which insured both this property on the westerly block and that upon the easterly block, did not cover to their full amount the property described in this policy. The whole includes all its parts, and that which covers the whole covers every part that constitutes the whole. The policy in suit requires the insured to state in his proofs of loss "all other insurance, whether valid or not, covering any of said property." If, pursuant to this provision, the plaintiffs in error had stated in their proofs of loss that the amount of their insurance on this property by virtue of these compound policies for $40,000 was only $28,677.95, it is plain that their statement would not have been true. If the loss upon the property on this westerly block had been $80,000, instead of $30,892.02, the insured could certainly have collected the full $40,000 on these compound policies. How, then, can it be said that the entire $40,000 of insurance furnished by these compound policies did not cover the property damaged? Arguments and authorities have been urged upon our consideration in support of the proposition that a more just and equitable division of the loss between the companies which issued the compound policies covering the property upon both blocks, and those which issued the specific policies on the property upon the westerly block only, would be effected by treating the former as insuring the plaintiffs in error to the amount of $28,677.95 on the property on the westerly block, and to the amount of $11,322.05 on the property on the easterly block. But that question is not presented by this record. According to the agreed statement of facts upon which this case was submitted, the $40,000 of insurance was not so placed. The question before us is not what contribution each company which insured this property ought in equity to make to the payment of this loss, in the absence of express contracts fixing their liabilities, and we are compelled to decline to follow counsel into the consideration of that and cognate questions. It is not our province to make contracts for the parties to this suit, or to modify

those which they have themselves deliberately made because it appears to us that they might have made those that would have been more equitable or more advantageous. They have made a contract themselves which fixes the amount of the liability of the defendant for this loss. This action is founded on that contract, and it is the sole measure of the defendant's liability. The only question here is whether or not the plaintiffs in error may recover. under this policy, any greater proportion of the loss upon the property which it describes than that which the amount insured by it bears to the entire insurance covering that property. The policy expressly provides that they cannot, and that must close this discussion.

The result is that, under a clause in a policy of insurance which provides that the company shall not be liable for a greater proportion of any loss on the property described therein than that which the amount insured thereby shall bear to the whole insurance covering such property: First. Compound policies insuring the property described in such a policy, and other property, cover the property so described, to their full amount, in case of a loss upon the property described in the specific policy, and no loss on the other property described in the compound policies. Second. In such a case the company issuing the specific policy is liable for no greater proportion of the loss than that which the amount of such policy bears to the total amount of both the compound and specific policies covering the property it describes. Merrick v. Insurance Co., 54 Pa. St. 277, 281, 282, 284. The judgment below is affirmed, with costs.