## Valley Glass Company *v.* American Central Insurance Company.

*Principal and agent—Agent acting in dual capacity—Fire insurance.*

Where a stockholder and director of a corporation owning real estate consents to become the agent of an insurance company, with the understanding that the latter was to insure the real estate of the corporation, and the newly appointed agent thereupon issues a policy on such real estate which is accepted by the insurance company, the latter company cannot subsequently object that the agent was acting in a dual capacity.

Argued Oct. 16, 1899. Appeal, No. 3, Oct. T., 1899, by defendant, from judgment of C. P. Beaver Co., June T., 1893, No. 97, on verdict for plaintiff, in case of Valley Glass Company for use of Germania Savings Bank of Pittsburg v. American Central Insurance Company. Before Sterrett, C. J., Green, McCollum, Mitchell, Dean, Fell and Brown, JJ. Affirmed.

Assumpsit upon a policy of fire insurance. Before Crawford, P. J., specially presiding.

At the trial it appeared that the policy in suit was issued by James P. Stone at a time when he was not only agent of the American Central Insurance Company, but also an officer and director of the plaintiff company, and its agent for placing its insurance. Evidence for the plaintiff tended to show that shortly before the issuing of the policy, Stone had been requested by C. W. Van Valkenberg, the general agent of the company, to become its local agent at Beaver Falls, and that Stone agreed to do so on condition that the defendant should take a proportionate share of the insurance upon the property of the plaintiff.

Defendant's points were as follows:

1. It appearing from the evidence that James P. Stone, the

agent for the defendant company, was also the agent of the plaintiff in placing the insurance, and authorized to use his discretion in the companies in which the insurance should be placed for the Valley Glass Company, and also with the discretion as to the renewal of the policies, and also being personally interested in the plaintiff company, the plaintiff, under the circumstances of this case, cannot recover in this action, and the verdict must be for the defendant. *Answer:* Refused. [1]

2. It appearing from the evidence that the policy in question was partly to insure certain personal property, to wit: the office furniture, presses, etc., and that this was not a total loss, and no proofs of loss having been furnished to defendant company within the time prescribed by the policy of insurance, the plaintiff cannot recover in this action. *Answer:* Refused. [2]

3. Under all the evidence the verdict must be for the defendant. *Answer:* Refused. [3]

Verdict and judgment for plaintiff for $2,659.32. Defendant appealed.

*Errors assigned* were (1–3) above instructions, quoting them.

*Wm. A. McConnel,* with him *John M. Buchanan,* for appellant.—An agent cannot act for two parties in the same transaction when he has a discretion to exercise for each, and either party to a contract made under such circumstances may refuse to be bound by the act of such agent: Everhart v. Searle, 71 Pa. 256; Cannell v. Smith, 142 Pa. 25; Rice v. Davis, 136 Pa. 439; Addison v. Wanamaker, 185 Pa. 536; Murray v. Beard, 102 N. Y. 505; Rich v. Black & Baird, 173 Pa. 92; Finch v. Conrade's Executor, 154 Pa. 326; Porter v. Woodruff, 36 N. J. Eq. Rep. 174; New York Cent. Ins. Co. v. National Protection Ins. Co., 14 N. Y. 85; Empire State Ins. Co. v. American Cent. Ins. Co., 138 N. Y. 446.

An agent is held to uberrima fides in his dealings with his principal: Murray v. Beard, 102 N. Y. 505; Rice v. Davis, 136 Pa. 439; Finch v. Conrade's Executor, 154 Pa. 326.

*W. H. S. Thomson,* with him *Henry Hice, Dan H. Stone* and *J. R. Martin,* for appellee.—Where each of the principals consents or

has notice that the agent acts in a dual capacity, the disability is removed: Joslin v. Cowee, 52 N. Y. 90; Rowe v. Stevens, 53 N. Y. 621; Bell v. McConnell, 37 Ohio, 396; Fitzsimmons v. Southern Express Co., 40 Ga. 330.

The principal is bound by the acts of his agent within the scope of his authority that he is held out to the world to possess, even notwithstanding the latter acted contrary to his instructions: Smalley v. Morris, 157 Pa. 349; Keough v. Leslie, 92 Pa. 424; Galey v. Phila. & Chester Co. R. R. Co., 80 Pa. 363; Penn. Nat. Gas Co. v. Cook, 123 Pa. 170; Brooke v. New York, Lake Erie & West. R. R. Co., 108 Pa. 529.

OPINION BY MR. JUSTICE MCCOLLUM, October 8, 1900:

This is a case in which the insurance company denies its liability on the policy in suit, and alleges, inter alia, that it had no knowledge of the issuance of it until the property covered by it was destroyed by fire. Its defense appears in its first and second points which the court below refused to affirm and on which the first and second assignments of error are based. Its third assignment is based on the refusal of the court below to affirm its third point, in which it is declared that "under all the evidence the verdict must be for the defendant."

On the trial of the case in the court below it was shown by testimony introduced by the plaintiff that the policy was issued by the agent appointed by the defendant company on January 14, 1892; that it was written and delivered by the agent to the insured on March 28, 1892, to take effect two days thereafter; that at the time he wrote the policy he made an entry on the company's register and a daily report which he mailed to the stamp clerk whose duty it was to place a proper stamp thereon and forward it to the company.

The agent appointed by the defendant company on January 14, 1892, was interested in the property of the company insured, he being its secretary and a director and stockholder in it.

His relation to that company was not concealed from Van Valkenberg. On the contrary he fully explained it. In the negotiations which resulted in his consent to become an agent of the defendant company it was distinctly understood with Van Valkenberg that the company which appointed him should carry its proportionate share of the insurance upon the prop-

erty in which he was interested as above stated. This understanding was fortified by a prompt execution and delivery by the company of his commission under which he issued the policy in suit at the time hereinbefore mentioned.

The testimony of the agent relating to the agreement with Van Valkenberg does not appear to have been directly contradicted. The testimony of some of the officials of the defendant company that Van Valkenberg was not authorized to make the agreement was not a contradiction of it. If Van Valkenberg was not a party to the agreement which the defendant company repudiates, why was he not summoned to testify that the agreement testified to by the agent was not made?

It is contended that if the agreement was made as claimed by the agent the defendant company is not bound by it, as it is in violation of a settled rule of public policy. This is not the case, however, when the party objecting to it has ratified it. If Van Valkenberg entered into an agreement with the agent, as claimed, and the defendant company had knowledge of and acquiesced in it, it cannot successfully dispute its liability on the policy in question. Where each of the principals consents, or has notice that the agent acts in a dual capacity, this disability will be waived: 1 Am. & Eng. Ency of Law, p. 381, and cases cited on pages 381 and 392.

Upon due consideration of the testimony in the case, and of the rulings complained of in the assignments, we are satisfied that the court below committed no error in refusing to affirm the defendant's first and second points, or in declining to take the case from the jury.

Judgment affirmed.