ARISPE MERCANTILE CO. v. QUEEN INSURANCE COMPANY OF AMERICA, Appellant.

**Insurance:** VOIDABLE CONTRACT. A policy of insurance issued by an agent covering the property of a corporation in which he is a stockholder, and also otherwise interested as the cashier and stockholder in a bank owning stock in the corporation, is voidable, unless notice of that fact is communicated to the insurance company and the objection is waived.

**Same:** DUAL CAPACITY OF ISSUING AGENT: WAIVER. Where a loss was adjusted by one having authority to transact all business incident to his employment, and having full knowledge that the agent who wrote the policy was financially interested in the corporation owning the insured property, but made no objection to payment of the loss on account of that fact, and the insured was put to trouble and expense in preparing and executing proofs of loss, the company was estopped from objecting to the issuing agent's dual capacity.

*Appeal from Union District Court.*—HON. H. M. ⌐OWNER, Judge.

SATURDAY, MARCH 13, 1909.

ACTION for loss under insurance policy resulted in a judgment as prayed. The defendant appeals.—*Affirmed.*

*Temple & Temple,* for appellant.

*Sullivan & Sullivan,* for appellee.

LADD, J.—A policy of insurance, covering the stock of merchandise owned by the plaintiff, was issued January 9, 1905, by D. W. Stevenson as recording agent of defendant. Stevenson was cashier and stockholder of a bank which held some stock in the plaintiff company, and also was a director and the treasurer of said company. These facts were set up by way of defense, and that they were sufficient, in the absence of waiver or estoppel, appears from *Arispe Mercantile Co. v. Capital Insurance Company,* 133 Iowa, 272.

1. INSURANCE: voidable contract.

The reply pleaded a waiver and ratification in that defendant's adjuster, with full knowledge of the facts, put plaintiff to the trouble and expense of furnishing proofs of loss. D. J. Carpenter was defendant's adjuster for the territory, including Arispe, but, owing to sickness, he invited A. A. Clark, who was agent of the Phoenix Insurance Company of Brooklyn, to adjust the loss in his stead, and the latter, in connection with J. F. Rice, representing the Des Moines Fire Insurance Company, went to Arispe on February 1, 1905, and there investigated the loss. What occurred then is somewhat in dispute. Stevenson testified that, in response to an inquiry by Clark, he told the latter who the

2. SAME: dual capacity of issuing agent: waiver.

officers and agents of the plaintiff company were, that he (Stevenson) was treasurer and one of its directors, and that the bank of which Clark knew he was cashier also owned stock in the company. This evidence was corroborated by two other witnesses, but denied in part by Clark. With the assistance of Phillips, plaintiff's bookkeeper, Clark examined the books, and also the bills ascertaining the value of the goods destroyed. The entire day was given to this by plaintiff's officers, as its evidence tended to show, subsequent to imparting the above information. Upon computation and apportionment among the several companies it was found that defendant's portion of loss was $1,729.79. Clark prepared proofs of loss, and required these to be signed by plaintiff's officers, and the company itself through its president, who swore to it. He also prepared a schedule containing the data in detail, with computation and a statement of the amount allowed as that above stated. The proofs, with this schedule, were transmitted to the company's office in Chicago, where it was received February 6th. According to the witnesses for the plaintiff, Clark advised them that the company would avail itself of the sixty days allowed within which to pay the loss. In a letter to Stevenson as treasurer of the company, dated February 27th, the insurance company wrote that: "As we previously advised you we referred the matter of prepayment of the claim to special agent Carter, and he advised us, after conferring with other adjusters. that with the exception of the Des Moines Insurance Company, the companies all agreed to pay the loss at maturity; we therefore do not care to send draft in advance of that time." It thus appears that the jury might have found that the adjuster, after being fully advised of the relationship of Stevenson to the plaintiff company, proceeded with the examination of its books and bills, exacted their production and the assistance of the officers in ascertaining their contents, and required the execution of the proofs of

loss. As adjuster of the loss for defendant, Clark was endowed "with authority to transact all business within the scope of his employment" (section 1750, Code); and, as such adjuster might waive any condition affecting the validity of the policy (*Acid Manufacturing Company v. Insurance Company,* 126 Iowa, 226), the policy was not void because of Stevenson's dual relationship to the parties. It was voidable only, and subject to ratification by the company or to repudiation precisely as though voidable because of some breach of condition. The insurer was charged with the knowledge acquired by the adjuster; and if, after ascertaining the facts, it proceeded as though the policy were valid, and through such adjuster induced the plaintiff to go to trouble and expense, in the production of its books and bills, to expend time in aiding the investigation, and to furnish proofs of loss, it ought not thereafter be permitted to set up the invalidity of the policy. The only ground upon which it could have made the requirements mentioned was its obligation to perform as stipulated in the contract; and, having induced plaintiff to act to its disadvantage in reliance thereon, it was estopped from thereafter changing its position to the plaintiff's prejudice. These propositions are too well settled to require the citation of authority.—*Affirmed.*