Kisow and wife, Respondents, vs. National Liberty Insurance Company of America, Appellant.

*February 5—March 3, 1936.*

For the appellant there was a brief by *Wolfe & Hart* of Milwaukee, and oral argument by *Francis J. Hart*.

For the respondents there was a brief by *Potter & Smith* of Racine, and oral argument by *L. D. Potter*.

NELSON, J. On January 18, 1930, the defendant issued to the plaintiffs a policy of insurance wherein and whereby, for a term of three years from that day, it insured the plaintiffs' dwelling house against loss or damage by fire, in the sum of $1,500. As a result of a loss which occurred a short time before the loss here in controversy, the coverage of the policy was reduced to $1,402.19.

On October 20, 1932, both plaintiffs were stockholders and officers in the Kisow-Fowler Agency, a Wisconsin corporation. The plaintiff, William F. Kisow, was the president of that agency. At that time the Kisow-Fowler Agency was the local agent of the Standard Fire Insurance Company of Hartford, Connecticut. The agency had no authority from the Standard Company to insure its own property or property belonging to its stockholders or officers, without the consent of that company. On October 20th, the plaintiffs, as agents of the Standard Company, issued to themselves a fire insurance policy of $5,000, covering their dwelling house hereinbefore mentioned. On the same day, or

within a day or two thereafter, the plaintiffs, as officers of the local agency, mailed to the Standard Company a daily report of said policy. The report was sent to the Wisconsin Credit Bureau at Milwaukee, which was the regular channel for it to go through. The credit bureau in due course mailed the report to the Standard Company at Hartford, Connecticut. It was received by the Standard Company on the morning of October 28, 1932, upon the opening of its offices on that day.

On October 28, 1932, at about 1 o'clock in the morning (being a number of hours prior to the actual receipt of the notice by the Standard Company) the plaintiffs' dwelling house was damaged by fire to the extent of $2,180.34. The plaintiffs reported the fire to both the Standard Company and the defendant company and made claim against both companies for the loss. On February 15, 1933, the Standard Company denied liability on the ground that the agency had no authority as an agent of that company to issue insurance policies covering property belonging to the agency or its officers which would be binding upon the company, without its consent or ratification. The Standard Company had no notice or knowledge that the policy had been issued until after the fire had occurred. It was the custom of the Standard Company to write a letter of acknowledgment and ratification when agents issued policies in that company to themselves. The plaintiffs believed that they were insured under the Standard Company policy until February 15, 1933, when the Standard Company denied liability. From that time on they had doubts as to the validity of the insurance. However, in May, 1933, the plaintiffs commenced an action in the circuit court for Racine county against the Standard Company. The action was removed to the United States district court for the Eastern district of Wisconsin on motion of the defendant, where it was tried by said court, the trial resulting in a dismissal of the complaint and a judgment in favor of the Standard Company. This action was

then pending in the circuit court for Racine county. The plaintiffs thereafter amended their complaint in this action and alleged upon information and belief that they had no other insurance on their dwelling-house property except that of the defendant.

Upon the trial of this action the court concluded that the policy issued by the agency to the plaintiffs was a nullity *ab initio* and of no effect, and that, therefore, on October 28, 1932, the date of the fire, the policy issued by the defendant was the only "insurance covering the property, whether valid or not and whether collectible or not." Sec. 203.01, Stats. 1931.

The defendant contends that the court erred in finding and concluding that defendant's policy was, at the time of the loss, the only insurance which covered the property, whether valid or not and whether collectible or not, and in refusing to prorate the liability of the defendant under its policy.

The sole question which, in our view, requires determination, is whether, under the undisputed facts of this case, the court erred in finding and concluding that the Standard Company policy was a nullity *ab initio* and of no effect.

Each of the policies was written on the statutory Wisconsin standard fire insurance company form as required by law, sec. 203.01, Stats. 1931, and each of them contained the following clause which the legislature had provided should be written in every fire insurance policy issued in this state, to wit:

"*Pro rata liability.* This company shall not be liable for a greater proportion of any loss or damage than the amount hereby insured shall bear to the whole insurance covering the property, whether valid or not and whether collectible or not."

Was the court correct in holding that the Standard Company policy issued under the circumstances was a nullity *ab initio* and of no effect? While there are some cases which

might be considered as lending support to the opinion of the trial court, *Henshaw v. Globe & R. F. Ins. Co.* 109 W. Va. 235, 153 S. E. 512, according to the great weight of authority, in cases in which the question was actually presented and considered, a policy issued by an insurance agent covering property of his own or property in which he has an interest is voidable, not void, and is therefore susceptible of ratification. *Fireman's Fund Ins. Co. v. McGreevy,* 55 C. C. A. 543, 118 Fed. 415; *Twin City F. Ins. Co. v. Stockmen's National Bank* (C. C. A.), 261 Fed. 470; *Arispe Mercantile Co. v. Queen Ins. Co.* 141 Iowa, 607, 120 N. W. 122, 133 Am. St. Rep. 180; *Hawkeye Clay Works v. Globe & R. F. Ins. Co.* 202 Iowa, 1270, 211 N. W. 860; *Harland v. Liverpool & L. & G. Ins. Co.* 192 Mo. App. 198, 180 S. W. 998. See note, 83 A. L. R. 1529.

That policies issued by agents to themselves are almost universally held to be subject to ratification by the insurance company clearly indicates that such policies are voidable, not void. *Pratt v. Dwelling-House Mut. Fire Ins. Co.* 130 N. Y. 206, 29 N. E. 117; *Valley Glass Co. v. American Cent. Ins. Co.* 197 Pa. 254, 47 Atl. 232; *Hanover F. Ins. Co. v. Shrader,* 11 Tex. Civ. App. 255, 31 S. W. 1100, 32 S. W. 344, writ of error denied in 89 Tex. 35, 32 S. W. 872, 33 S. W. 112, 30 L. R. A. 498, 59 Am. St. Rep. 25; *Cascade F. & M. Ins. Co. v. Journal Pub. Co.* 1 Wash. 452, 25 Pac. 331.

It is our conclusion that the circuit court was in error in holding that the Standard Company policy was void and of no effect. The plaintiffs make an extended argument to the effect that issuing of the Standard Company policy to the plaintiffs by the agency constituted nothing more than an offer by the plaintiffs to the Standard Company that the latter issue its policy to them. While a policy issued by an agent to himself is voidable at the option of the insurer and until ratified cannot bind the insurance company, we are of

the opinion that issuing a policy to the plaintiffs, under the undisputed circumstances here, cannot be regarded as a mere offer that the insurance company insure the plaintiffs.

Was the court correct in holding that, despite the *pro rata* liability clause of the Wisconsin standard policy hereinbefore recited, the defendant was not entitled to prorate its liability? The *pro rata* clause is clear and unambiguous. The statute requires that it shall be written into every fire insurance policy issued in this state. To construe it otherwise than according to "the common and approved usage" of its language, sec. 370.01 (1), would be to violate a cardinal as well as our own statutory rule for the construction of statutes. Like and similar clauses found in insurance policies have been held to be effective to compel a prorating with other insurance whether such other insurance be valid, voidable, or void. *Liverpool, L. & G. Ins. Co. v. Verdier,* 35 Mich. 395; *Webb v. Concordia F. Ins. Co.* 167 Mich. 144, 132 N. W. 523, 36 L. R. A. (N. S.) 350; *Cassity v. New Orleans Ins. Asso.* 65 Miss. 49, 3 So. 138; *Doran v. Franklin F. Ins. Co.* 86 N. Y. 635; *Bateman v. Lumbermen's Ins. Co.* 189 Pa. 465, 42 Atl. 184; *Woodward v. Pittsburg Underwriters,* 40 Pa. Super. 143; *Gandy v. Orient Ins. Co.* 52 S. C. 224, 29 S. E. 655; *Southern Nat. Ins. Co. v. Barr* (Tex. Civ. App.), 148 S. W. 845; *Hammond v. Citizens Ins. Co.* 26 N. B. 371; *Heron v. Hartford Ins. Co., Montreal,* L. R. 4 S. C. 388. See annotation, 56 A. L. R., commencing at page 472; also 7 Couch, Insurance, p. 6158, § 1847.

The plain purposes of the *pro rata* clause are to relieve a company from the burden or necessity of litigating with the insured questions as to the validity or invalidity of other policies covering the property, *Liverpool, L. & G. Ins. Co. v. Verdier, supra,* and to guard against the possibility of any apparent motive or inducement on the part of the insured to commit fraud. *Donogh v. Farmers' F. Ins. Co.* 104 Mich. 503, 62 N. W. 721.

It is our conclusion that the *pro rata* clause in the defendant's policy limits its liability to the proportion that the amount of its insurance bears to the total amount of the insurance covering the property, whether valid or not or whether collectible or not. In *Struebing v. American Ins. Co.* 197 Wis. 487, 222 N. W. 831, there was considered another clause in the standard form of fire insurance policy, which clause contained the phrase "whether valid or not." The court reached the same conclusion with respect to the clause under consideration there that we reach in this case with respect to another but similar clause.

While it is probable that the Standard Company would have ratified the issuance of the policy by the agency to the plaintiffs, we cannot be influenced by that probability. We must take the facts as they are and apply well-established principles to them.

The defendant does not question the right of the plaintiffs to recover from it on the *pro rata* basis. Upon the trial it offered judgment for that amount and moved that judgment be entered in the plaintiffs' favor for that amount.

Since we are impelled to the conclusion that the plaintiffs are entitled only to recover on a *pro rata* basis, it is unnecessary to discuss other questions raised in the briefs.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment in favor of the plaintiffs and against the defendant on a *pro rata* basis.