# Reidy, to use, v. The Richmond Insurance Company of New York

*Metzger & Wickersham* and *Welles, Mumford & Stark,* for plaintiff.

*Hause, Evans, Storey & Lick* and *Arthur S. Arnold,* for defendant.

Fox, J., May 6, 1937.—We have before us a motion to take off a compulsory nonsuit. The only reason assigned is: "1. The learned judge erred in entering the said nonsuit."

Clare Hamil Reidy was the owner of real estate, situate in Fountain Hill, Lehigh County, against which real estate was a mortgage held by the Bethlehem Securities Company, assignee of Paul Mackall, the same being recorded in the Recorder of Deeds office of Lehigh County. A sci. fa. sur mortgage was entered to no. 32, June term, 1932, the principal debt on same unpaid, being $14,202.61, with interest of $910.10, an attorney's commission and costs of suit totaling $15,857.85, upon which, on May 17, 1932, the prothonotary assessed the plaintiff's damages in the amount of $15,857.85 and costs of suit. Whereupon a writ of lev. fa. was issued to the above number and term. The sheriff, William J. Weider, of Lehigh

County, after receiving the writ on May 17, 1932, took out a policy of insurance for direct loss and damage by fire in the Richmond Insurance Company of New York in the amount of $26,000, extending from May 17, 1932, to July 1, 1932, for which there was charged a premium of $13.88, which the sheriff paid on July 1, 1932. In the paragraph designated "Loss Payable Form" it is provided:

"Any loss that may be ascertained and proven to be shall be held payable to . . . as interest may appear, subject, nevertheless, to the provisions of the mortgagee clause attached."

In the writs of sci. fa. and lev. fa., plaintiff's exhibit 4, and in exhibit 15, bill of costs, and also in exhibit 3, the deed from the sheriff to Bethlehem Securities Company, the name of defendant appears as follows:

"Clair Reidy, also known as Clare Hamil Reidy, widow, mortgagor, and Claire Reidy, also known as Clare Hamil Reidy, real owner of the mortgaged premises."

In the insurance policy the following language is used:

"Does insure William J. Weider, Sheriff, property of Claire Reidy, also known as Clare Hamil Reidy, widow, mortgagor, and Claire Reidy, also known as Clare Hamil Reidy, real owner of the mortgaged premises."

The exact similarity of this will be noted in said exhibits.

A fire occurred on May 20, 1932, and at the time of the fire the legal plaintiff, Claire Hamil Reidy, was insured by four other companies than defendant and by each of the four it was provided that the loss, if any, was payable to her or the Bethlehem Securities Company, mortgagee, as its interest might appear. These were not offered in evidence, but it was so stated to the court and not denied. The loss was $26,000 and the said last-named four insurance companies made their respective payments. Defendant company made none. This suit was brought by Claire Hamil Reidy to the use of the four in-

surance companies named in the caption of the case as use plaintiffs for contribution to the latter by defendant.

At the close of plaintiff's case defendant made a motion for a compulsory nonsuit, and the court, after hearing argument thereon, said:

"After due consideration of the testimony submitted by the plaintiff, we conclude that the sheriff alone was insured by the policy of the defendant company. The sheriff had no insurable interest in the property other than to cover any loss occasioned by his official action—as to which there has been no proof submitted or offered—and the costs of the proceedings of the levari facias. He could not insure for someone else than himself, under the testimony in this case. He is not joined, nor is his legal representative—the testimony showing he is now dead—in this action, which we think should have been done."

The law of contribution in our State is that policies must cover the same interests, same parties, and so forth, and this policy we think does not do that. For these reasons the motion for a compulsory nonsuit is granted, with leave to plaintiffs to move to take it off within 10 days.

Taking up the policy in question, viz., that of the Richmond Company, and duly construing the language as to who is insured, we are of the opinion, as we were at the time of the trial, that William J. Weider, sheriff, was the only one insured; that the use of the words following the word "sheriff" was a description of the real owner of the property as described in the writ of lev. fa. and other exhibits, supra. After the fire and before the trial of the case, both Claire Hamil Reidy and William J. Weider, above mentioned, died. There is no evidence that the said sheriff made a demand upon the company for payment. The evidence discloses that the sheriff paid the premium to the company on June 27, 1932, and charged the same as part of the costs which defendant company returned to the sheriff on November 9, 1932.

Upon request by counsel for defendant, several witnesses, who were attorneys from Lehigh County, were

called out of order before the use plaintiffs had put in all of their testimony. One of the said witnesses, David Getz, in substance testified, in relation to the sheriff taking out fire insurance, that he had been solicitor to Thomas P. Kellow, Sheriff Weider's predecessor in office, during his term of office, and "from Mr. Kellow's time of sheriff that custom has since prevailed with the exception that subsequent sheriffs have been and are now allowing a waiver where the execution plaintiff is willing to waive any responsibility for loss. However, at the time that I was solicitor I advised him to insist upon a policy of insurance and not to accept any waivers." He did not testify that this was done for the protection of the owner of the real estate then in the custody of the law.

There is no evidence, showing any intent on the part of the sheriff, that he took out this insurance for the benefit of Claire Hamil Reidy or the mortgagee or for any one else than himself. He had an insurable interest to the extent of his official duties if negligently, or not at all, performed in the execution, but beyond that he had none. The burden was upon the use plaintiffs to show that the sheriff intended this insurance in whole or in part taken for the benefit of the said Claire Hamil Reidy. They have not done this; neither is there any evidence that the said Claire Hamil Reidy had any knowledge of the existence of the insurance covered by the said policy of the Richmond Company until after the fire.

The use plaintiffs are claiming contribution by defendant company in the amount of $12,000.

The questions before us are: (1) Was plaintiff, Claire Hamil Reidy, insured by the policy in question or intended so to be? (2) Are use plaintiffs entitled to contribution?

The first question, as stated, involves the construction of the language of the policy, and the law of ratification and that of agency.

Our construction of the language of the policy as to the insured is that William J. Weider, sheriff, was the only person insured.

In the case of Gorman's Estate, 321 Pa. 292, 295, the court, amongst other things, said:

"Those having different interests have separate insurable risks. In the present case, the remaindermen might have effected insurance upon their interests in the same manner as the life tenant insured her interest. She was under no obligation to protect their interests when they themselves neglected to do so. It is obvious that they cannot now be heard to claim an interest in the proceeds of the insurance which she provided for the preservation of her own interest."

In the case of Johnson v. Stewart, 243 Pa. 485, 497, the court said:

"We agree with the appellants that where a bailor of property claims under a fire policy effected by one not the owner of the goods it must appear that the party effecting the insurance intended when taking out the policy to cover the subsequent claimant's interest."

In the case of Steele & Co. v. The Franklin Fire Ins. Co., 17 Pa. 290, 298, it is said:

"All the authorities go to show that the *intention* of the party effecting an insurance, *at the time of doing so,* ought to lead and govern the future use of it, and that no one can, *by any subsequent act,* entitle himself to the benefit of it without showing that his interest was intended to be embraced by it *when it was made.*"

With respect to ratification, in 1 A. L. I. Restatement of Agency, 215, sec. 89, it is said:

"At the election of the third person, an affirmance of a transaction with him is not effective as ratification if it occurs after the situation has so materially changed that it would be inequitable to subject him to liability thereon."

In the case of Grover et al. v. Mathews (K. B. 1910), 26 Times L. R. 411, it is said:

"In the present case the ratification of the contract, if there was any ratification, was only after knowledge of the loss by the assured, and it appears to me that the de-

cision of the Court of Appeals in 'Williams v. North China Insurance Company' (1 C. P. D., 757) binds me, if it is necessary to say so, that the ratification in this case was too late. The Court in that case recognized that the rule authorizing a ratification of an insurance after loss was an anomalous one, and existed only in the case of marine insurance."

See also Alliance Insurance v. Continental Gin Co. et al. (Commission of Appeals of Texas, 1926), 285 S. W. 257; Ætna Insurance Company of Hartford v. Renno, 93 Miss. 594, 46 So. 947; and Kline Brothers & Co. v. Royal Insurance Co., 192 Fed. 378.

As to agency, there is no proof. This plaintiff is bound to submit.

In the matter of contribution, in 4 Joyce on Insurance, sec. 2490, it is said: "Contribution cannot be enforced unless the policies cover the same interest and the same property."

In Wood on Insurance, at page 374, it is said:

"Neither identity of names nor identity of property is decisive upon the question. In order to amount to other insurance the interest covered by the policies must be identical."

In the case of Yanko v. Standard Fire Ins. Co., 31 Pa. Superior Ct. 1, it is said:

"In the present action the policy covers, not the individual interest of Yanko, but the interest of the partnership of Yanko and Lewitas. The subject, the risk and the interest are, therefore, not the same. The other policies cover an interest which this one does not."

See also Meigs v. Insurance Company of North America, 205 Pa. 378; Page et al. v. Sun Insurance Office, 74 Fed. 203.

We have given due attention to the brief of counsel for use plaintiffs and to the authorities cited, but they are not convincing. Wherefore, we are of the opinion that legal plaintiff, Claire Hamil Reidy, was not insured nor intended so to be by the said William J. Weider, sheriff,

that there was no agency proved, nor ratification of the insurance before the fire, that the policy did not cover the identical interests as the policies of use plaintiffs, and that the court did not err in granting the compulsory nonsuit in the case.

And now, May 6, 1937, upon due consideration, the motion to take off the compulsory nonsuit is overruled and dismissed.