BERGSTROM PAPER CO. v. CONTINENTAL INS. CO. OF CITY OF NEW YORK et al.

No. 9684.

United States Court of Appeals Seventh Circuit.

May 12, 1949.

Kenneth P. Grubb, Henry S. Reuss, and Richard S. Gibbs, all of Milwaukee, Wis., for appellant.

Ray C. Dempsey, of Oshkosh, Wis., Hubert O. Wolfe, of Milwaukee, Wis., and Joseph Harrow, of Chicago, Ill., for appellee.

Before KERNER and MINTON, Circuit Judges, and LINDLEY, District Judge.

MINTON, Circuit Judge.

An explosion occurred in the plaintiff's powerhouse at Neenah, Wisconsin, on November 24, 1945, causing $77,008.59 property damage to the plaintiff's plant. The amount was stipulated by the parties. The plaintiff at the time of the explosion had three insurance policies in force: A standard fire insurance policy issued by the defendant The Continental Insurance Company of the City of New York (hereafter referred to as Continental) providing coverage not exceeding $400,000; a policy issued by the defendant The Hartford Steam Boiler Inspection and Insurance Company of Hartford, Connecticut (hereafter referred to as Hartford) covering accidents as defined to objects as described therein, not to exceed $100,000 per accident; and a policy issued by The Fidelity and Casualty Company of New York (hereafter referred to as Fidelity) covering various items of damage in the amount of $1,814.40. The plaintiff brought suit against Continental and Hartford seeking to recover its property damage as well as other items not here material. The case was tried by a court and a jury. The jury found that the explosion was within the coverage of the policies issued by the defendants.

The court on motions after verdict apportioned the loss equally between the defendants as follows:

| | Total Damage Less $1,814.40 Liability on Which Fidelity Was Also Liable. | Items Insured by Continental, Hartford and Fidelity. | Total |
|---|---|---|---|
| Continental | $37,597.09 | $ 604.80 | $38,201.89 |
| Hartford | 37,597.09 | 604.80 | 38,201.89 |
| Fidelity (not a defendant) | ........ | 604.80 | 604.80 |
| | $75,194.18 | $1,814.40 | $77,008.58 |

Although the policies of Continental and Hartford had the apportionment clauses which are set out in the margin,[1] the court declined to apply them on the ground that such application would leave the insured not fully indemnified. From the judgment

---

[1] Continental:

"Apportionment Clause: This Company shall not be liable for a greater proportion of any loss from any peril or perils included in this endorsement than * * * (2) nor for a greater proportion than the amount of insurance under this policy bears to the amount of all insurance, whether valid or not and whether collectible or not, covering in any manner such loss; * * *."

Hartford:

"Other Property Insurance.

"3. In the event of a property loss to which both this insurance and other insurance carried by the Assured apply, herein referred to as 'joint loss', (a) the Company shall be liable only for the proportion of the said joint loss that the amount which would have been payable under this policy on account of said loss had no other insurance existed, bears to the combined total of the said amount and the whole amount of such other valid and collectible insurance: * * *."

apportioning the loss, the defendant Hartford has appealed.

 The sole question is the correctness of the apportionment of the loss by the District Court. The answer lies in a proper reconciliation of the two basic insurance principles here applicable: One, the insured must be fully indemnified, Employers Casualty Co. v. Ragley, Tex.Civ.App., 197 S.W.2d 536; Sherman v. Madison Mutual Insurance Company, 39 Wis. 104; and, two, apportionment clauses must be respected as valid contractual agreements, Kisow v. National Liberty Ins. Co., 220 Wis. 586, 265 N.W. 569; Fitzsimmons v. City Fire Insurance Company of New Haven, 18 Wis. 234, 186 Am.Dec. 761. It is evident as the computation in the margin discloses [2] that a literal application of the apportionment clauses in the policies of the defendants would result in a deficiency or "gap" to the insured of $3,140.19. For this reason the District Court held that the apportionment clauses failed, and it divided the loss on a fifty-fifty basis. This was error.

The defendant Continental should pay four-fifths of the loss or $60,155.35 according to the terms of its contract. The defendant Hartford should pay $15,038.84, made up of the $11,898.65 for which it is liable under the strict terms of its contract, and $3,140.19, the amount of the deficiency or "gap." We think this "gap" should be made good by Hartford rather than apportioned between both defendants, as Hartford contends, because the "gap" arises from a peculiarity in the Hartford apportionment clause and because the facts do not warrant an extension of Continental's liability beyond the limit fixed by the Continental apportionment clause, which is $60,155.35. Cf. Page v. Sun Insurance Office, 8 Cir., 74 F. 203, 33 L.R.A. 249. This distribution makes the insured whole and so far as possible carries out the contracts of the parties.

The judgment of the District Court is reversed and the cause remanded for proceedings in accordance with this opinion.

| [2] Insurer | Policy Fraction X Loss | | Amount |
|---|---|---|---|
| Continental | Amount of Continental Policy ($400,000) ÷ Amount of Continental Policy, plus amount of Hartford Policy ($400,000 plus $100,000) | X $75,194.19 | $60,155.35 |
| Hartford | Amount which would have been payable under Hartford Policy had no other insurance existed $75,194.19 ÷ $75,194.19 plus whole amount of Continental Policy ($400,000) | X $75,194.19 | 11,898.65 |
| Total payable per apportionment clauses | | | $72,054.00 |
| Loss to be indemnified | | | 75,194.19 |
| Deficiency or "gap" | | | $ 3,140.19 |